BRIAN STRETCH (CABN 132612)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kathryn.haun@usdoj.gov
    William.frentzen@usdoj.gov

RAYMOND N. HULSER (MABN 551350)
Chief, Public Integrity Section

RICHARD B. EVANS (DCBN 441494)
Trial Attorney

    1400 New York Avenue, N.W.
    Washington, D.C. 20005
    Telephone: (202) 353-7760
    Richard.B.Evans@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) NO. CR 15-CR 319-001 RS |
| v. | ) UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF ELECTRONIC MONITORING |
| SHAUN W. BRIDGES (A/K/A "NUMBER 13"), | ) |
| Defendant. | ) |

The United States, through its undersigned attorneys, hereby opposes the motion filed by defendant Shaun W. Bridges for early termination of electronic monitoring.

1

On January 25, 2016, Defendant filed his motion seeking early termination of the court-ordered electronic monitoring on the eve of his reporting deadline to the Federal Correctional Institution, Berlin, New Hampshire (FCI Berlin) as directed by the Bureau of Prisons (BOP).  Dkt. No. 111.  Said motion is predicated upon the fact that Bridges has been ordered by the BOP to report to FCI Berlin by noon on Friday, January 29, 2016, and that wearing the electronic monitor would complicate his travel to the facility and that it could not be completed in a single day.  This is simply not the case.  Moreover, the reasons for the electronic monitoring are not diminished[1] because Bridges is now on the eve of serving his 71-month sentence.

Bridges claims that transportation by car from his home in Maryland to FCI Berlin would take approximately 10 hours and that, as such, he could not make the trip in a single day.  However, nothing would prevent Bridges from leaving Maryland in the early morning hours of January 29 which would allow him to arrive at FCI Berlin by noon.  Moreover, Bridges could always travel to FCI Berlin the day before and report in late on the afternoon/evening of January 28.

Defendant Bridges also claims that wearing the electronic monitoring bracelet at the time he reports to prison to begin serving his sentence could complicate the process as the prison personnel may not be familiar with the bracelet and how to remove it.  That is also not the case.  Indeed, the undersigned counsel has learned from Warden Esker Tatum at FCI Berlin that the personnel at FCI Berlin are familiar with and can assist with the removal of the electronic monitoring bracelet when Bridges reports to the facility.

Finally, there is more reason than ever for the United States to be concerned about Bridges' possible flight prior to his report date on January 29, 2016.  As the Court will recall, the United States sought to have Bridges remanded into custody both at his plea hearing and again at his sentencing given repeated conduct by Bridges, which indicated that he was a flight risk.  Such conduct included repeated attempts to change his name and social security number and to have such information shielded from law enforcement.  This and other conduct by Bridges led the Court to seriously consider the government's

---

[1] The government sought Bridges' remand to custody and for the reasons adduced at the sentencing and change of plea hearing, the government continues to believe that the defendant should be remanded instead of voluntarily surrendering.

request to remand Bridges into custody; however, the court ultimately declined to do so, instead, placing further restrictive release conditions upon Bridges.  Since that time Bridges has also filed a motion for the return of his passport – a motion that was denied by the Court.  Dkt. No. 107.  The concerns which led the government to seek Bridges' remand are still present and are even more acute today given that his report date is imminent and that Bridges' movements would be unmonitored for two days prior to his reporting deadline at FCI Berlin should the court grant Bridges' motion.  Now is simply not the time to remove Bridges' electronic monitoring.

      For the reasons stated above, the United States respectfully requests that the Court deny the subject motion.

DATED: January 26, 2016                                        Respectfully submitted,

                                                               BRIAN J. STRETCH
                                                               Acting United States Attorney

                                                                      /s/
                                                               KATHRYN HAUN
                                                               WILLIAM FRENTZEN
                                                               Assistant United States Attorneys

                                                               RICHARD B. EVANS
                                                               Public Integrity Section