1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  ARVON J. PERTEET (CABN 242828)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 9th Floor
6      San Francisco, California 94102
       Telephone: (415) 436-7200
7      Facsimile: (415) 436-7234
       Email:arvon.perteet@usdoj.gov
8
   Attorneys for United States of America
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA,        ) CR 15-0319 RS
                                      )
14 |         Plaintiff,                ) SETTLEMENT AGREEMENT RE THIRD PARTY
                                      ) PETITION OF REGAN PATNO
15 |    v.                             )
                                      )
16 | CARL MARK FORCE, IV.,             )
                                      )
17 |         Defendant.                )
                                      )
18 |                                   )
   | REGAN PATNO,                      )
19 |                                   )
   |         Third-Party Petitioner.   )
20 |                                   )
                                      )
21

22     The parties stipulate and agree as follows:

23     1.     In order to resolve this case without the expense of further litigation, and in full and final

24 settlement of all claims and disputes arising from and related to the seizure of and third-party petition

25 claiming ownership of the subject property, listed below, plaintiff United States of America ("United

26 States") and petitioner Regan Patno ("Petitioner," collectively the "Parties") hereby stipulate and agree

27 as follows:

28
   CR 15-0319 RS
   SETTLEMENT AGREEMENT                            2

1  2.  This Agreement shall not be construed as an admission by any Party as to the truth or merit of any contention made regarding liability and damages as stated and alleged in the Action, and is executed solely to avoid the cost of litigation and as a compromise of disputed liabilities.

3.  Petitioner submits his petition with regard to the subject property via this settlement agreement.

4.  Petitioner asserts that he is the sole owner and sole petitioner to the "subject property" consisting of:

    a.  $194,899.97 U.S. Currency from the conversion of 687.3670041 bitcoins;

    b.  $63,785.42 in funds from E-Trade Account XXXX5812; and

    c.  $41,314.61 of the $44,082.65 in funds from ScotTrade Account XXXX6437,

    for a total of $300,000.00.

5.  Petitioner represents that he has had the opportunity to consult with an attorney, and he has carefully read and understands the scope and effect of the provisions of this settlement agreement.

6.  The Parties agree that the United States will return the following property (hereafter the "returned property"):

    a.  $194,899.97 U.S. Currency from the conversion of 687.3670041 bitcoins;

    b.  $63,785.42 in funds from E-Trade Account XXXX5812; and

    c.  $41,314.61 of the $44,082.65 in funds from ScotTrade Account XXXX6437, for a total of $300,000.00.

7.  The return of the returned property (and all interest accrued thereon, subject to any delinquent debts owed to any federal, state, or local agencies pursuant to 31 U.S.C. § 3716) shall be in full settlement and satisfaction of any and all claims by Petitioner, their heirs, representatives and assignees to the defendant property. Petitioner, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all acts directly or indirectly related to the seizure and forfeiture of the defendant property.

8. The Parties agree that defendant Carl Mark Force, IV, will be given $300,000 credit to his outstanding restitution balance owed to victim Regan Patno based on the return of the same amount to Regan Patno per the terms of this settlement agreement.

9. Petitioner does not contest the forfeiture of the remaining assets identified in Doc. #52. Petitioner further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, and including statute of limitations.

10. Each party shall pay and bear its own attorney fees and costs.

DATED: March 16, 2016

Respectfully submitted,
BRIAN J. STRETCH
Acting United States Attorney

ARVON J. PERTEET
Assistant United States Attorney

REGAN PATNO
Third-Party Petitioner

JUDY PATNO
Attorney for REGAN PATNO

CR 15-0319 RS
SETTLEMENT AGREEMENT                4