UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

NOV – 8 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No.  CR 15-319 RS |
| v. | ) | |
| | ) | |
| SHAUN W. BRIDGES, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION FOR RETURN OF PROPERTY**
Fed.R.Crim.P.41(g), 18 U.S.C.A.

Deborah Pease-Martinez, Petitioner, hereby moves for the return of property (hereinafter, "subject property") in the captioned case, in accordance with Federal Rules of Criminal Procedure, Rule 41(g), and states:

1.  Petitioner is the trustee and lawful representative of a Maryland firearms trust, which is the lawful owner of the subject property, further described as four firearms.  As demonstrated herein the Petitioner has standing to request the return of the subject property.  (See Exhibit 1 and 2)

More specifically:

   a.  FNH Scar 17 Rifle (SN# HC24801)

   b.  FNH Scar 16 Rifle (SN# LC26320)

   c.  Christensen Arms Rifle (SN# CA02181)

   d.  Mossberg Shotgun 12GA (SN# AF120609)

2.   On March 30, 2015, defendant, by and through counsel of record, voluntarily disclosed the defendant's *access* to the subject property and agreed to voluntarily surrender said property in the fashioning of pre-trial release conditions with concern to access to firearms.

3.   On April 1, 2015, defendant met with Agent Todd McHale, Department of Homeland Security – Office of Inspector General (DHS-OIG) at the Petitioner's residence in Hanover, Maryland to surrender the subject property.  Such property was inventoried and recorded as "Personal Property" and a receipt provided.  (See Exhibit 3)

4.   On December 7, 2015, defendant was sentenced in the captioned case and thereafter began a period of incarceration on January 28, 2016 thus ending his release status and conditions imposed contingent upon that release.

5.   On January 28, 2016, and subsequently on June 7, 2016, the government was notified requesting the return of the subject property to trustees of the Maryland firearms trust, via first class mail USPS tracking # 9114 9014 9645 0640 4583 30.

6.   The subject property is not owned by the defendant, has no evidentiary nexus to the captioned case, nor is it subject to forfeiture.  The subject property consists of lawfully purchased and registered firearms owned by a lawfully enacted Maryland firearms trust, with two properly appointed trustees. (See Exhibit 1)

7.   As of December 30, 2016, subject to a Trust addendum, the only trustees are the Petitioner and Shirley Catoe.  Both trustees have no criminal history and are not prohibited under any statute from possession of firearms.

WHEREFORE, the Petitioner, Deborah Pease-Martinez has demonstrated standing to request return and hereby respectfully requests that this court issue an order directing the government

and/or specifically DHS-OIG, custodian of the subject property, to return the firearms identified in Paragraph 1 to the Petitioner.

I HEREBY AFFIRM under the penalties of perjury that the statements made in the foregoing motion are true to the best of my knowledge, information, and belief.


Date: 11/6/2017

Deborah Pease-Martinez
6211 Green Field Road
Elkridge City, MD 21075

# EXHIBIT 1

# Declaration of NFA FAMILY TRUST

The parties to this document are Ariana Esposito and Deborah Pease-Martinez of Howard County, Maryland as Settlor (hereinafter referred to as the "Settlor" or "Trustor") and Ariana Esposito, Deborah Pease-Martinez, as Trustee (hereinafter referred to as "Trustee" or "Co-Trustee"). For all purposes hereunder, the words "I", "me", "my", "mine", and similar pronouns, shall refer to Trustor Ariana Esposito and Deborah Pease-Martinez and shall be construed as the possessive when the context would so indicate. The term "Trustee" shall refer to the initial Trustee(s) and any Trustees appointed pursuant to Article 1 Section B and/or Article 3 Section F of this trust agreement.

This Trust is executed and effective March 29, 2015. It shall be known as NFA FAMILY TRUST and the intent of this Trust is to benefit the Settlor and the beneficiaries named herein.

Whereas, this trust shall be initially funded with the assets described in the attached Schedule "A" entitled "INITIAL TRUST FUNDING"; these assets and any assets later added to the trust (as may be listed on a revised Schedule "A") shall be known as the "trust fund" and shall be held, administered and distributed as provided in this document and any subsequent amendments to this document.

NOW, THEREFORE, the Trustee acknowledges receipt of the trust fund and shall hold the same in trust under the following terms, conditions and provisions:

## Article 1 – Declaration

1.A.    **Trust Name** – This trust shall be known as NFA FAMILY TRUST.

1.B.    **Successor Trustee** – If the Settlor should cease to act as the Trustee for any reason, the other then-acting Trustee(s) (if any) shall continue to act. If no Trustee is then-acting, Deborah Pease-Martinez shall act as the Successor Trustee.

1.C.    **Trust Fund** – The Settlor, and/or any other person, may add to the principal of the trust by deed, will, or otherwise.

1.D.    **Governing Law** – This Trust Agreement is a Maryland contract and creates a Maryland trust; all of the terms and provisions hereof shall be interpreted according to the Maryland Uniform Trust Code, except as shall be specifically modified herein.

1.E.    **Severability** – Any provision of this Trust or amendment of this Trust shall be severable without effect to the remainder of this Trust Agreement if such provision is deemed to be illegal or void as a matter of law. In the event that a provision of this Trust is stricken the remainder of the Trust Agreement shall remain in full force and effect.

1.F.    **Spendthrift Provisions** – No property which is to be distributed under this Trust shall be, whether by intent or not, anticipated or assigned by a beneficiary prior to the time of distribution. Further, no property of the Trust shall be subject to attachment or legal process prior

1

to the time it is distributed; nor shall any part of such property be liable for the debts or obligations (including spousal and/or child support, except as required under Maryland law) of any such beneficiary. Any attempted transfer or encumbrance upon said property prior to the time of distribution shall be void.

1.G.     **Maximum Duration of Trust** - Regardless of any other provision herein, the maximum duration for this trust is the longest period that property may be held in trust under this Agreement under the applicable rules of the State of Maryland governing perpetuities, vesting, accumulations, the suspension of alienation and the like. If, under those rules, the maximum duration for a trust shall be determined with reference to the death of the last survivor of a group of individuals alive upon my death, those individuals shall consist of all beneficiaries (including future and/or contingent) of this trust (as hereinafter named) alive at my death. This trust must end immediately prior to such maximum duration and, thereupon, the Trustee shall distribute the principal in the manner hereinafter set forth in Article 5 Section C, provided, however, no firearm which may then be part of the principal shall be distributed to a prohibited person.

1.H.     **Definitions** - For any interpretation of this Trust Agreement, the following definitions shall apply:

(1)     *BATFE or ATF* - BATFE and ATF refer to the law enforcement agency of the United States Department of Justice tasked with enforcing the firearms, explosives, alcohol and tobacco laws.

(2)     *Beneficiary* - The term "beneficiary" or "beneficiaries" shall mean any person whose right to receive assets from the trust is currently vested.

(3)     *Cease to Act* - The phrase "cease to act" shall mean the resignation, death, incapacity, termination, or disappearance of a Trustee.

(4)     *Code* - Any reference to the "Code" shall refer to the Internal Revenue Code of 1986, as amended, and to any regulations pertaining to the referenced sections.

(5)     *Disappearance* - The term "disappearance" shall mean the individual's whereabouts remain unknown for a period of sixty (60) days. If any beneficiary is not seen or heard of for a period of one year and no body has been recovered, it shall be presumed that such beneficiary is no longer alive.

(6)     *Firearm* - The term "firearm" shall mean a device from which a shot is discharged by gunpowder or the energy of another explosive and shall include rifles, guns, handguns and any accessory which may become part of the device.

(7)     *Incapacitated*:

(a)     A beneficiary shall be deemed to be incapacitated if he, in the Trustee's discretion, due to medical, physical or emotional condition, is unable to manage his personal or financial affairs or safely and legally possess firearms or other restricted assets of the Trust.

2

(b)     A Settlor, Trustee or beneficiary shall be deemed to be incapacitated if a court of competent jurisdiction so determines, a guardianship or conservatorship is established for such person, or if two medical doctors licensed in the state where the person resides agree that the person is incapacitated and is therefore unable to manage his personal financial affairs.

(c)     A person may also be deemed incapacitated due to a person's legal status which prevents the person from using, possessing or owning any property in the Trust.

(8)     *Issue* - The term "issue" shall refer to lineal descendants of all degrees and shall include adopted persons; provided however, that such term shall refer only to the issue of lawful marriages and illegitimate children only if a parent/child relationship existed between such child and his or her parent, living or deceased, as determined under Maryland law. A child in gestation which is later born alive and survives for thirty (30) days shall be considered as issue in being throughout the period of gestation.

(9)     *Licensed Dealer* - The phrase "licensed dealer" shall mean an individual or a company engaged in the business of the interstate and/or intrastate sale of firearms and who holds an appropriate Federal Firearms License issued pursuant to the "Gun Control Act of 1968" (44 U.S.C. ch. 18) for the type of firearm being sold (i.e., Class I or Class III) or subsequent act or regulation.

(10)    *NFA* - The term "NFA" shall refer to the "National Firearms Act", as defined in 26 U.S.C. ch. 53.

(11)    *Per Stirpes* - If a person who is to receive a distribution should die prior to the time of the distribution, that person's share shall pass in equal shares to the nearest living generation of children to the deceased person.

(12)    *Prohibited Person* - A prohibited person is a person who cannot, pursuant to the Gun Control Act of 1968, as amended, purchase, sell, transfer or possess firearms or ammunition. In addition to persons prohibited from owning a Title II weapon under the National Firearms Act and the laws of the State where this Agreement was created or the laws of another state where such weapons are stored, a Trustee of this Trust shall be prohibited from serving as a Trustee or a beneficiary receiving Trust property shall be prohibited from receiving such weapons if they fall in to the following class of person:

(a)     Any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

(b)     Any fugitive from justice.

(c)     Any unlawful user or any person who is addicted to a controlled substance.

3

(d)     Any person who has been adjudicated as a mental defective or who has been committed to a mental institution.

(e)     Any person who is illegally or unlawfully in the United States.

(f)     Any person who has been dishonorably discharged from the Armed Forces.

(g)     Any person who was a U.S. citizen and has renounced his or her citizenship.

(h)     Any person who has been convicted in any court of a crime of domestic violence, or who pled guilty to an offense that included elements of domestic violence or child abuse (even if not convicted).

(i)     Any person who is subject to a court order that:

     (i)     was issued after a hearing of which such person received actual notice at which such person had an opportunity to participate.

     (ii)     Restrains such person from harassing, stalking or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child.

     (iii)     includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

(j)     Any person who is otherwise prohibited from possessing a firearm.

(13)     *Pronouns and Gender* - In this Trust Agreement, the feminine, masculine or neuter gender, and the singular or plural number, shall be deemed to include the others whenever the context so indicates.

(14)     *Restricted Firearms* - The phrase "restricted firearm" or "restricted firearms" shall refer to any Title II Firearm (as hereinafter defined) as well as any other firearm the ownership, possession and/or transfer of which is regulated by any state and/or local jurisdiction in which the trust is situated.

(15)     *State Law, Statute or Regulation* - The phrase "state law, statute or regulation" shall mean the laws, statutes or regulations of the State of Maryland and the laws, statutes or regulations of any other state and/or local jurisdiction which regulates the ownership, possession and/or transfer of any firearm owned by the trust within that state and/or jurisdiction.

4

(16) *Title II Firearms* - The phrase "Title II Firearm" shall refer to those firearms whose ownership, possession and/or transfers are regulated by the NFA (also referred to as "Class 3 Firearms" and "Class III Firearms").

(17) *Trustee* - Any reference to "Trustee" shall be deemed to refer to whichever individual, individuals (including me) or corporation shall then be acting as the Trustee.

### Article II - A Revocable Trust

2.A.    **Duty of the Trustee** - The duty of the Trustee, broadly stated, is to give effect to this Trust document by holding, gathering, safeguarding and ultimately distributing the assets held in Trust.

2.B.    **Incapacitation of the Settlor** - In the event that the Settlor becomes incapacitated the Trustee may distribute assets in a manner hereinafter set forth in Article 5 Section B.

2.C.    **Death of the Settlor** - At the time of the Settlor's death, the Trustee (or Successor Trustee) shall gather the assets of the Trust, plus all property coming in to the Trust by way of the Settlors' Will or other means of transfer. Upon the death of the Settlor, this Trust shall become irrevocable.

2.D.    **Weapons or Items set forth in the NFA** - A primary purpose of this Trust is to ensure that assets of the Trust which are regulated by the National Firearms Act or other applicable state or federal law, state law, and in particular, the laws of the state(s) where the assets are located or will subsequently be located. In addition to ensuring that a transfer or distribution of a particular asset is legal under state and federal law, and that the beneficiary receiving a benefit is legally eligible to take possession of the asset, the Trustee may direct that the beneficiary receive education and training prior to receiving the asset, and further, the Trustee may use funds from the Trust to pay for said education and training.

2.E.    **Distribution After Sale of Assets** - In the event of the sale of Trust property, the proceeds of the sale shall be distributed to the individual contributor of said property, or if the property was jointly owned and contributed, the proceeds will be distributed in pro rata shares to the various contributors based on the amount of their personal contribution, if known, or in equal shares if the contribution is not known.

2.F.    **Revocation** - During the lifetime of the Settlor, this Trust Agreement may be revoked in whole or in part by an acknowledged instrument in writing signed by me which shall refer to this Trust Agreement and this specific power and which shall be delivered to the then-acting Trustee.

2.G.    **Amendment** - The Settlor may at any time during his lifetime amend any of the terms of this Trust Agreement by an acknowledged instrument in writing signed by the Settlor which shall refer to this Trust Agreement and this specific power and which shall be delivered to the then-acting Trustee. Any such revision, revocation or termination shall require no less than a 21 day notice to the Trustee(s). The Trustee(s) may waive notice by the Settlor.

5

No revision or modification may be made to this Trust if the effect of the same is to violate the National Firearms Act, or other applicable state or federal law, if the Trust includes property or assets that are National Firearms Act, Title II class firearms or items.

2.H.  **Termination of Trust** - This Trust Agreement will be considered terminated when the Trustees determine to terminate this Trust Agreement, or due to the provisions set forth in Article 1 Section G, whichever occurs first.

At the time of the termination of this Trust Agreement, the Successor Trustee shall make distributions as set forth in Article 5 Section C. If no such Trustee is willing or able to act, the power to nominate a Successor shall be exercisable by unanimous vote of the beneficiaries. If a Successor has not been selected by the beneficiaries within sixty (60) days, then a court of competent jurisdiction shall appoint a qualified and legally eligible Successor Trustee.

## Article III - Trusteeship

3.A.  **Definition** - The term "Trustee" unless otherwise indicated, shall pertain to the definition set forth in Article I Section H(17).

3.B.  **Actions of the Trustees** - Actions of the Trustees shall be made in accordance with the majority of the Trustees.

3.C.  **Power of Attorney** - A Trustee may not delegate or assign his powers to another person by means of a Power of Attorney.

3.D.  **Binding Signatures** - While a decision among multiple Trustees requires a majority vote of the Trustees, the signature on a document by a single Trustee, following a majority vote, shall serve to bind the Trust.

3.E.  **Qualified Trustee** - During such time as the trust shall maintain ownership of any firearm, no Trustee of the trust shall be a prohibited person. The Settlor and Trustees shall exercise due diligence to inquire if a person is or could be a prohibited person. If a prohibited person is appointed inadvertently that appointment shall be void by operation of this agreement and will require no further act by the Settlor or Trustees.

3.F.  **Nomination of Trustees** - The Settlor may appoint individuals or corporations as co Trustees. During such time that the Settlor is not acting as a Trustee, the then-acting Trustee (or a majority of the Trustees if more than one is then-acting) may also appoint individuals or corporations as Trustees. Such appointment shall be evidenced by a written instrument delivered to the then-acting Trustee(s).

3.G.  **Resignation** - Any Trustee may resign at any time by giving written notice to the other Trustees, if any, and, if not, to all the beneficiaries.

3.H.  **Liability** - No Trustee shall be under any obligation to examine the accounts of any prior Trustee, and all Trustees shall be exonerated from all liability arising from any prior Trustee's acts or negligence.

3.I.    **Bond** - No bond shall be required of any person or institution named in this Trust Agreement as the Trustee.

3.J.    **Compensation** - No Trustee shall be entitled to compensation for acting as a Trustee. A Trustee shall be entitled to reimbursement for all travel and other necessary expenses incurred in the discharge of the Trustee's duties.

3.K.    **Duty to Inform** - A Trustee shall immediately advise Trustees, Settlor, Beneficiaries, and the ATF in the event that he becomes ineligible or a prohibited person for purposes of possessing firearms of any type or kind. Should the Trustee become a prohibited person the Trustee shall be deemed to have resigned immediately.

## Article IV - Trustee Powers

Specifically subject to the provisions and limitations of Article IV Section C as hereinafter set forth, the Trustee shall have all of the powers authorized by the Maryland Uniform Trust Code (as though such powers were set forth herein) and, in addition, the Trustee is specifically authorized and empowered to exercise those powers hereinafter set forth in this Article IV:

4.A.    **Bank Accounts** - To open and maintain bank accounts in the name of the Trustee with any bank authorized and doing business in any State of the United States of America. If more than one Trustee shall be acting, the Trustees may designate one or more of them to conduct banking activities and to make deposits, withdrawals and endorsements upon giving written notice of such designation to the bank in question; and such bank shall be protected in relying upon such designation.

4.B.    **Contracts** - To enter into contracts which are reasonably incident to the administration of the trust.

4.C.    **Firearms** - Notwithstanding any other provision of this trust (or any other document incorporated by reference by this trust), any firearms owned by the trust which are subject to any state or federal law, statute or regulation shall be held and transferred in the manner hereinafter stated:

(1)     *Ownership* - Before the trust shall maintain ownership of any firearm, the Trustee shall comply with all state and federal requirements for the registration of such firearm; including, registration of all Title II Firearms with BATFE. Further, the Trustee is expressly prohibited from altering a firearm in such a manner that it would then be a prohibited firearm or from obliterating, removing, changing, or altering the serial number of the firearm.

(2)     *Use and Possession* - The custody, control, use and possession of any firearm owned by the trust shall remain exclusively with a current Trustee of the trust.

(3)     *Transfers* - Before the transfer of any firearm from the trust to any person or other entity, the Trustee shall comply with all state and federal requirements for the transfer of such firearm; including, the payment of all applicable transfer taxes.

7

(4)   *Prohibited Transfers* - Before the transfer of any firearm to anyone other than a licensed dealer, the Trustee shall use due diligence to determine that the transferee is not a prohibited person.

4.D.   **General Powers** - To have all rights and powers and do any and all acts necessary, proper or desirable for the benefit of the trust fund and its beneficiaries, which may be authorized and enabled by the NFA and by the laws, statutes or regulations of the State of Maryland and the laws, statutes or regulations of any other state and/or local jurisdiction which regulates the ownership and/or transfer of any firearm owned by the trust within that state and/or jurisdiction.

4.E.   **Loans** - To borrow for the trust fund from any person, corporation or other entity, including the Trustee, at such rates and upon such terms and conditions as the Trustee shall deem advisable, and to pledge as security any of the assets of the trust fund for the benefit of which such loan is made by mortgage or deed of trust or any other form of hypothecation.

4.F.   **Manage and Control** - To buy, exchange, repair; to sell or otherwise dispose of the whole or any part of the trust fund on such terms and for such property or cash or credit, or any combination thereof, as the Trustee may deem best; and to secure such insurance, at the expense of the trust fund, as the Trustee may deem advisable.

4.G.   **Professional Services** - To employ professional assistance such as attorneys and accountants. Further, the Trustee may employ any person or organization for firearms sales, training or repair and to provide professional assistance or management in regards to purchase, sale, storage or maintenance of said assets.

## Article V - Disposition of Trust Fund

5.A.   **Trustee Basic Duties** - During the term of this Trust Agreement, the Trustee shall hold, manage, invest and reinvest the trust, collect the income and profits from it, pay the necessary expenses of trust administration, and distribute the net income and principal as provided in this Article V.

5.B.   **Discretionary Distributions** - During the lifetime of the Settlor, the Trustee shall pay the income and/or the principal of the trust as the Settlor shall direct. If the Settlor becomes physically or mentally incapacitated, whether or not a court of any jurisdiction has declared him in need of a conservator and/or a guardian, the Trustee shall pay over or apply the income and/or the principal of the trust for the Settlor's support, maintenance, comfort, and/or well-being, in such amounts and to such extent as the Trustee, in its sole judgment and discretion, shall deem to be in his best interests. After the death of the Settlor, the then acting Trustees and Successor Trustee shall continue to act until the maximum allowable time set forth in Article 1 Section G. At the termination of this Trust Agreement, by the provision set forth in Article 2 Section H, the trust shall be held, administered and distributed as described in Article 5 Section C.

5.C.   **Distribution of Principal** - At the time of the termination of this Trust Agreement, by the provision set forth in Article 2 Section H, the trust shall be held, administered and distributed as follows:

(1)   Until such time as the trust no longer owns any restricted firearms, the Trustee shall hold the trust for the benefit of Shaun Bridges. If any of the designated beneficiaries are deceased, the Trustee shall designate the deceased beneficiary's shares to the issue of the deceased beneficiary by representation. This list of beneficiaries is to be superseded by those provided in Schedule "B" of this document; if no original beneficiaries are listed, and no beneficiaries are listed in Schedule "B" of this document, the Trustee shall hold the trust for the benefit of my issue by representation; the identities and respective shares of such issue to be determined according to the laws of the State of Maryland in effect at the date of execution of this Trust Agreement.

(2)   When the trust no longer owns any restricted firearms, the Trustee shall distribute the remaining assets of the trust to the beneficiary then entitled to the benefit of the trust as hereinabove set forth in subparagraph (1).

5.D.   **Special Distributions** - If any income and/or principal of any trust hereunder ever vests outright under the provisions of this Trust Agreement in a person who is defined as a prohibited person set forth in Article 1 Section H, or a person who the Trustee determines is incapacitated, or a person whose circumstances are such that a delay in distributions will increase the trust benefits to such person, then the Trustee, in the Trustee's discretion and without supervision of any court, shall hold or distribute such property (subsequently referred to in this Paragraph as the "protected property") in accordance with the following provisions:

(1)   The Trustee may hold any protected property in a separate trust for each such beneficiary, exercising as the Trustee of such trust all the administrative powers conferred in this Trust Agreement. The Trustee may accumulate or distribute to or for such beneficiary in accordance with subparagraph (2), as here in below set forth, such amount or amounts of income and/or principal of the trust as the Trustee determines from time to time during the term of the trust to be appropriate. This separate trust shall terminate and vest absolutely when the beneficiary attains age twenty-one (21) if the beneficiary's age was the basis for the separate trust, dies, when the trust assets are exhausted by discretionary distributions, or the reason for the separate trust no longer exists in the Trustee's discretion. At such termination, the Trustee shall distribute the protected property then on hand in trust to the beneficiary or to the beneficiary's estate if the trust terminated at the beneficiary's death.

(2)   The Trustee may distribute any protected property to or for the benefit of such beneficiary: (a) directly to the beneficiary; (b) on behalf of the beneficiary for the beneficiary's exclusive benefit; (c) to any account in a bank, credit union, mutual fund and/or brokerage firm either in the name of such beneficiary or in a form reserving title, management and custody of such account to a suitable person for the use of such beneficiary; (d) in any form of an annuity; and, (e) in all ways provided by law dealing with gifts or distributions to or for minors or persons under incapacity. The receipt for distributions by any such person shall fully discharge the Trustee.

9

(3)     In determining whether to make distributions, the Trustee may consider other resources of the beneficiary, any governmental entitlements and the future needs of the beneficiary during the term of the trust. To the maximum extent allowable, the protected property shall, at all times, remain free of all claims by any governmental agency and/or creditors of the beneficiary.

(4)     Notwithstanding the provisions of the preceding subparagraphs or any other provision of this Agreement, nothing herein shall prevent a distribution mandated by the provisions hereinabove set forth relating to the Maximum Duration of Trusts.

IN WITNESS WHEREOF, the Settlor and the Trustee has signed this Agreement on the date set forth above.

Ariana Esposito, Settlor and Co-Trustee

Address: _8411 Lillian Lane_

_Laurel, MD 20723_

Signature: _Ariana Esposito_

## WITNESSES

I, AS A WITNESS, certify that this document was signed by the Settlor in my presence on the date set forth above, that the Settlor declared this to be his revocable Trust. Further, this document was signed in my presence on the date set forth above by the Trustee. At the time that the Settlor signed this document he was of the age of majority, was of sound mind and free of coercion or duress.

Printed Name: _Shaun Bridges_        Printed Name: _Kirstyn Pease_

Address: _8411 Lillian Lane_          Address: _7515 Moraine Drive_

_Laurel, MD 20723_          _Hanover MD 21076_

Signature: _____          Signature: _Kristy Pease_

## -NOTARY SECTION BELOW-

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me by the Settlor who produced valid identification that contained a photograph and signature as identification thereby proving them to be the person whose name is subscribed to the foregoing instrument as Settlor and Trustee, by Kirstyn Pease, a witness who is personally known to me or who has produced Maryland Driver's License as identification, and Shaun Bridges, a witness who is personally known to me or who has produced Maryland Driver's License.

Notary Public, State of Maryland

Notary's printed name: _Elizabeth Murphy_          _Elizabeth Murphy_

My commission expires: _3/16/17_          Notary Signature

Additional Notary Information:

(Notary Seal)

11

IN WITNESS WHEREOF, the Trustee has signed this Agreement on the date set forth above.

Deborah Pease-Martinez, Co-Trustee

    Address: _7515 Moraine Drive_

               _Hanover, MD 21026_

    Signature: _Deborah Pease Marty_

## WITNESSES

    I, AS A WITNESS, certify that this document was signed by the Trustee in my presence on the date set forth above. At the time that the Trustee signed this document they were of the age of majority, of sound mind and free of coercion or duress.

Printed Name: _Shaun Bridges_      Printed Name: _Kirstyn Pease_

Address: _8411 Lillian Lane_      Address: _7515 Moraine Drive_

_Laurel, MD 20723_          _Hanover MD 21076_

Signature: _[signature]_          Signature: _Kirsty Pease_

### -NOTARY SECTION BELOW-

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me by the Settlor who produced valid identification that contained a photograph and signature as identification thereby proving them to be the person whose name is subscribed to the foregoing instrument as Settlor and Trustee, by Kirstyn Pease, a witness who is personally known to me or who has produced Maryland Driver's License as identification, and Shaun Bridges, a witness who is personally known to me or who has produced Maryland Driver's License.

Notary Public, State of Maryland      _Elizabeth Murphy_

Notary's printed name: _Elizabeth Murphy_      Notary Signature

My commission expires: _3/16/17_

Additional Notary Information:

(Notary Seal)

12

Page 1 of 2

## Addendum to Declaration of NFA Family Trust

The NFA Family Trust originally executed on March 29, 2015 is hereby modified and this addendum executed this December _30_, 2016. The purpose of this addendum is to note the removal and subsequent addition of trustees to the NFA Family Trust.

Hereby this _30_ Day of December, 2016 Ariana Salvatrice Esposito is removed as a trustee to the NFA Family Trust and the below trustees are appointed. Deborah Pease-Martinez previous Co-Trustee will now serve as Settlor and Trustee of the NFA Family Trust.

Upon conclusion of the execution of this addendum the NFA Family Trust has a total of two trustees; Deborah Pease-Martinez and Shirley Catoe.

IN WITNESS, WHEREOF, THE Trustee has signed this agreement on the date set forth above.

Shirley Jean Catoe, Co-Trustee
Address: 350 Cannon Drive
Rock Hill, SC 29730

I, AS A WITNESS, certify that this document was signed by the Co-Trustee in my presence on the date set forth above. At the time that the Trustee signed this document they were of the age of majority, of sound mind and free of coercion or duress.

Printed Name: Randy Martinez
Address: 6261 Green Field Road, C-L1
Elkridge, MD 21075
Signature:

Printed Name: Deborah Pease-Martinez
Address: 6261 Green Field Road, C-L1
Elkridge, MD 21075
Signature:

-NOTARY SECTION BELOW—

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me by the Co-Trustee who produced valid identification that contained a photograph and signature as identification thereby proving them to be the person whose name is subscribed to the foregoing instrument as Settlor and Trustee, by Randy Martinez, a witness who is personally know to me or who has produced Maryland Driver's License as identification, and Deborah Pease-Martinez, a witness who is personally known to me or who has produced Maryland Driver's License.

Notary Public, State of Maryland
Notary's printed name: Carolyn C. Phillips
My commission expires: 9-6-2019
Additional Notary Information:

Notary Signature                              12-30-16

IN WITNESS, WHEREOF, THE Settlor, Trustee, and Beneficary has signed this agreement on the date set forth above.

Deborah Pease-Martinez, Settlor, Co-Trustee, and Beneficiary
Address: 6261 Green Field Road, C-L1
Elkridge, MD 21075

I, AS A WITNESS, certify that this document was signed by the Settlor and Co-Trustee in my presence on the date set forth above.  At the time that the Trustee signed this document they were of the age of majority, of sound mind and free of coercion or duress.

Printed Name:  Randy Martinez
Address:  6261 Green Field Road, C-L1
Elkridge, MD 21075
Signature:

Printed Name:  Shirley Catoe
Address: 350 Cannon Drive
Rock Hill, S.C. 29730
Signature:

-NOTARY SECTION BELOW –

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me by the Co-Trustee who produced valid identification that contained a photograph and signature as identification thereby proving them to be the person whose name is subscribed to the foregoing instrument as Settlor and Trustee, by Randy Martinez, a witness who is personally know to me or who has produced Maryland Driver's License as identification, and Deborah Pease-Martinez, a witness who is personally known to me or who has produced Maryland Driver's License.

Notary Public, State of Maryland
Notary's printed name: Carolyn C Phillips
My commission expires: 9-6-2019
Additional Notary Information:

Notary Signature, 12-30-16

# EXHIBIT 2

# SCHEDULE "A"
# OF
# NFA FAMILY TRUST

## *INITIAL TRUST FUNDING*

1. Mossberg Shotgun 12 Gauge SN# AF120609

2. FNH Scar 17 SN# HC24801

3. FNH Scar 16 SN# LC26320

4. Christensen CA15 SBR SN# CA02181

5. Surefire SOCOM762-RC SN#A31N03037

*Signature*  _____Trustee_____

# FIREARM BILL OF SALE

Buyer certifies that they are not restricted or forbidden by law to own a firearm and buyer states that he/she:

Print Form

- Has **NEVER** been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year.
- Is **NOT** a fugitive from justice.
- Is **NOT** an unlawful user of or addicted to any controlled substance.
- Has **NEVER** been adjudicated as a mental defective or has been committed to a mental institution.
- Is **NOT** an alien illegally or unlawfully in the United states or an alien admitted to the United states under a nonimmigrant visa.
- Has **NOT** been discharged from the Armed Forces under dishonorable conditions.
- Having been a citizen of the United states, has **NEVER** renounced his or her citizenship.
- Is **NOT** subject to a court order that restrains the person from harassing, stalking, or threatening an intimate partner or child of such intimate partner.
- Has **NOT** been convicted of a misdemeanor crime of domestic violence
- **CAN** lawfully receive, possess, ship, or transport a firearm.
- Is **NOT** a person who is under indictment or information for a crime punishable by imprisonment for a term exceeding 1 year.

I truthfully state that I AM NOT a person who cannot legally buy, receive, and posses firearms and/or ammunition.

Full Name __Ariana Salvatrice Esposito__     Signature _____

Firearm(s) sold

Make: __FNH__     Model: __Scar 17__   Caliber: __.308__     S/N: __HC24801__     Cost: __1.00__

Make: __FNH__     Model: __Scar 16__   Caliber: __.223__     S/N: __LC26320__     Cost: __1.00__

Make: __Mossberg__   Model: __930__   Caliber: __12GA__     S/N: __AF120609__   Cost: __1.00__

| Buyer | Seller |
|---|---|
| (NAME) Ariana Esposito | (NAME) Shaun Bridges |
| (ADDRESS) 8411 Lillian Lane<br>Laurel, MD 20723 | (ADDRESS) 8411 Lillian Lane<br>Laurel, MD. 20723 |
| (DL) E-212-071-758-313 | (DL) B-632-765-870-361 |
| (CWL) | (CWL) |
| (Contact #) 301-814-0992 | (Contact #) 443-983-5765 |

I understand the firearm is sold AS-IS and no warranty has been implied or given. Firearm should be inspected by a competent gunsmith prior to using. Seller not responsible for any damages incurred or caused by the use of this firearm. __3/29/15__

Sale Date

Sale Conditions: _____

Buyer Signature: _____     Seller Signature: _____

# FIREARM BILL OF SALE

Buyer certifies that they are not restricted or forbidden by law to own a firearm and buyer states that he/she:

Print Form

- Has **NEVER** been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year.
- Is **NOT** a fugitive from justice.
- Is **NOT** an unlawful user of or addicted to any controlled substance.
- Has **NEVER** been adjudicated as a mental defective or has been committed to a mental institution.
- Is **NOT** an alien illegally or unlawfully in the United states or an alien admitted to the United states under a nonimmigrant visa.
- Has **NOT** been discharged from the Armed Forces under dishonorable conditions.
- Having been a citizen of the United states, has **NEVER** renounced his or her citizenship.
- Is **NOT** subject to a court order that restrains the person from harassing, stalking, or threatening an intimate partner or child of such intimate partner.
- Has **NOT** been convicted of a misdemeanor crime of domestic violence
- **CAN** lawfully receive, possess, ship, or transport a firearm.
- Is **NOT** a person who is under indictment or information for a crime punishable by imprisonment for a term exceeding 1 year.

I truthfully state that I AM NOT a person who cannot legally buy, receive, and posses firearms and/or ammunition.

Full Name **Ariana Salvatrice Esposito**          Signature

**Firearm(s) sold**

Make: **Christensen**   Model: **CA15**   Caliber: **.223**   S/N: **CA02181**   Cost: **1.00**

Make: _____   Model: _____   Caliber: _____   S/N: _____   Cost: _____

Make: _____   Model: _____   Caliber: _____   S/N: _____   Cost: _____

| Buyer | Seller |
|---|---|
| (NAME) | (NAME) |
| Ariana Esposito | Shaun Bridges |
| (ADDRESS) 8411 Lillian Lane<br>Laurel, MD 20723 | (ADDRESS) 8411 Lillian Lane<br>Laurel, MD. 20723 |
| (DL) E-212-071-758-313 | (DL) B-632-765-870-361 |
| (CWL) | (CWL) |
| (Contact #) 301-814-0992 | (Contact #) 443-983-5765 |

I understand the firearm is sold AS-IS and no warranty has been implied or given.  Firearm should be inspected by a
competent gunsmith prior to using.  Seller not responsible for any damages incurred or caused by the use of this firearm.   **3/29/15**

Sale Date

Sale Conditions: _____

Buyer Signature: _____          Seller Signature: _____

# EXHIBIT 3

Office of Inspector General - Investigations
U.S. Department of Homeland Security

 Homeland
Security

# EVIDENCE PERSONAL PROPERTY
# INVENTORY FORM

| CERTIFIED INVENTORY OF ☐ EVIDENCE ☒ PERSONAL PROPERTY | SERIAL NUMBER |
|---|---|
| ITEM(S)<br>X Taken From<br>____ Received From<br>____ Found At<br>____ Other   SHAUN BRIDGES<br>7515 MORAINE DR.<br>HANOVER, MD 21076 | CASE NO. |
| ITEM(S) INVENTORIED BY<br><br>_____ 4/1/2015<br>SIGNATURE – SPECIAL AGENT    DATE | OFFICE |
| | Page __1__ of _2_ |
| _____<br>SIGNATURE – REVIEWING SUPERVISOR   DATE | |

| ITEM # | DATE RECEIVED & RECEIVED BY | QUANTITY | DESCRIPTION OF EVIDENCE or PERSONAL PROPERTY | | VALUE |
|---|---|---|---|---|---|
| 1 | 4/1/2015<br>T. MCHALE | 1 | CHRISTENSEN ARMS<br>AR-15 SERIAL#<br>CA02181 | | 4000 |
| 2 | 4/1/2015<br>T. MCHALE | 1 | FNH SCRA SCAR16<br>SERIAL# LC26320 | | 5000 |
| 3 | 4/1/2015<br>T. MCHALE | 1 | FNH SCAR17<br>SERIAL # HC24801 | | 9000 |
| 4 | 4/1/2015 | 1 | MOSSBURG SHOTGUN 12GA<br>AF120609 | | 700 |
| | | | | Total | |

INV FORM-30

# CHAIN OF CUSTODY

If this inventory consists of more than one page, document the Chain of Custody Log on the reverse of the FINAL CONTINUATION SHEET.

| ITEM NO. | DATE | ACTION (released / received / other) | SIGNATURE |
|---|---|---|---|
| 1-4 | 4/1/2015 | RECEIVED FROM S. BRIDGES | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

INV FORM 630

Page 2 of 2