1  Shaun Bridges
2  Federal Registration No. 20436-111
   Nevada Southern Detention Center
3  2190 East Mesquite Avenue
   Pahrump, Nevada 89060

FILED

DEC 1 4 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7                       SAN FRANCISCO DIVISION

8   UNITED STATES OF AMERICA,        )
                                     )
9          Plaintiff,                )        No. CR 15-319 RS
                                     )
10   vs.                             )        MOTION TO APPOINT COUNSEL
                                     )
11   SHAUN BRIDGES,                  )        ~~EX PARTE AND UNDER SEAL~~
                                     )
12         Defendant.                )
                                     )
13   _____ )

14

15        Defendant, Shaun Bridges, respectfully requests this Court to issue an order directing the

16   Federal Public Defender's Office to appoint the defendant Habeas Counsel for representation in

17   collateral post-conviction relief proceedings.  Section 2255(g) expressly provides that a district court

18   "may appoint counsel," and that appointment of counsel is governed pursuant to authority under

19   18 U.S.C. § 3006A(a)(2)(B).  This Court has considerable discretion in deciding whether to appoint

20   counsel in a § 2255 proceeding and may furnish counsel when the "interests of justice so require."

21   Good cause exists "where specific allegations before the court show reason to believe that the

22   petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."

23   Bracy v. Gramley, 520 U.S. 899, 908-09, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (citing Harris v.

24   Nelson, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)).

1

1    ·    On August 31, 2015, pursuant to a written and signed plea agreement, defendant entered a plea

2    of guilty to a two count information charging the defendant with one count of money laundering in

3    violation of 18 U.S.C. § 1957 and one count of obstruction of justice in violation of 18 U.S.C. § 1512.

4    During the plea colloquy conducted pursuant to Federal Rule of Criminal Procedure 11, the court

5    advised petitioner that the maximum penalty for the crimes to which he was offering to plead guilty

6    was 20 years imprisonment per count based upon his plea of guilty.  These statutory penalties were the

7    same as set forth in the plea agreement, which defendant confirmed he had read.  During the plea

8    colloquy, however, defendant was not properly informed of the correct statutory penalties and instead,

9    the court simply restated the incorrect penalties contained in the plea agreement--a maximum possible

10   penalty of 20 years per count, instead of the correct statutory penalty of 10 years pursuant to 18 U.S.C.

11   § 1957.

12       Defendant contends, inter alia, that the court in its plea colloquy misrepresented the maximum

13   possible statutory penalty in violation of Federal Rule of Criminal Procedure 11(b)(1)(H).  He also

14   argues that his trial counsel rendered ineffective assistance in failing to properly advise him of the

15   correct statutory penalties, which effected his decision making process in deciding to waive his

16   constitutional rights and enter into an agreement to plead guilty.  Furthermore, his appellate counsel

17   failed to identify this fundamental error and restated this same incorrect statutory penalty range to the

18   defendant and instead filed an Anders brief on direct appeal, which was dismissed on April 8, 2017

19   and thus a motion for relief pursuant to § 2255 remains timely.

20       Because the length of potential imprisonment constitutes a direct consequence of a defendant's

21   guilty plea, *see* United States v. Wills, 881 F.2d 823, 825 (9th Cir. 1989), the plea colloquy did not

22   satisfy the due process requirements of a voluntary and knowing plea.  *See* United States v. Littlejohn,

23   224 F.3d 960, 965 (9th Cir. 2000) (providing that the due process requirement of a voluntary plea

24   demands that defendants be informed of the "direct consequences of their plea and resulting

1    conviction"); Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988) (explaining that due process requires

2    that a defendant be "advised of the range of allowable punishment that will result from his guilty plea"

3    (internal quotations omitted)).

4          Defendant has identified a constitutional deficiency in his Rule 11 colloquy that may entitle

5    him to relief under § 2255. *See* United States v. Guerra, 94 F.3d 989, 995 (5th Cir. 1996) (holding that

6    an overstatement of the maximum statutory term of imprisonment during a plea colloquy constituted a

7    violation of the petitioner's due process rights cognizable in a § 2255 proceeding); *see* also United

8    States v. Roberts, 5 F.3d 365, 369-70 (9th Cir. 1993) (granting the petitioner's § 2255 petition when

9    the district court failed to inform him of a supervised release term during the Rule 11 colloquy).

10   Courts have found that overstating the maximum possible statutory penalty prejudices a defendant

11   because it skews the calculation of the risks involved in exercising the right to a jury trial. *See* United

12   States v. Stubbs, 279 F.3d 402, 411 (6th Cir. 2002) ("'When considering a plea agreement, a defendant

13   might well weigh the terms of the agreement against the maximum sentence he could receive if he

14   went to trial. When the maximum possible exposure is overstated, the defendant might well be

15   influenced to accept a plea agreement he would otherwise reject.'" (quoting Pitts v. United States, 763

16   F.2d 197, 201 (6th Cir. 1985)), abrogation on other grounds recognized by United States v. Helton,

17   349 F.3d 295, 299 (6th Cir. 2003); Guerra, 94 F.3d at 995 (holding that the overstatement of the

18   maximum potential sentence rendered the petitioner "unaware of the true nature of the options he

19   faced"); cf. United States v. Forrester, 512 F.3d 500, 507-08 (9th Cir. 2008) (noting that, in the context

20   of a Faretta proceeding, an overstatement of the possible statutory penalties could have made "a

21   middle-aged defendant [] more prone to roll the dice with self-representation" rather than keep an

22   attorney he distrusts).

23         Nothing in the record indicates that the defendant was made aware of the correct statutory

24   maximum penalty before pleading guilty or prior to sentencing.  In contrast the information on which

1    the defendant was arraigned lists the same incorrect statutory penalty as in the plea agreement; while

2    even the Pre-Sentence Report (PSR) completed by the Probation Office lists the same incorrect

3    statutory penalty.  In summary, all parties at each step of the judicial process materially overstated the

4    statutory penalty to the defendant as substantiated by the record of this Court.

5         This motion requesting the appointment of counsel is not to be construed as the totality of the

6    defendant's arguments for relief, however, it is to demonstrate to this Court that a meritorious and non-

7    frivolous issue exists that warrants the appointment of counsel.  Furthermore, the defendant's unique

8    and stringent confinement status is known to the court and has been stipulated as such by the

9    government on the record before this Court.  He is one of only sixty inmates within the 225,000 that

10   comprise of the Bureau of Prisons (BOP) inmate population, which are incarcerated under such

11   restrictive conditions.  The defendant's access to adequate resources is limited once transferred back

12   into such confinement status, which is due to occur in the immediate future.  Absent the appointment

13   of counsel the defendant would be prejudiced in attempting to file a thorough motion seeking relief

14   pursuant to § 2255.  Therefore the defendant respectfully requests this Court to exercise its discretion

15   and appoint counsel to the defendant in the "interests of justice."

16

17

18                                                                    Respectfully Submitted,

19   Date Submitted: 12/11/2017

20

21                                                                    Shaun Bridges

22

23

24

4

## APPLICATION FOR SEALING ORDER

Defendant requests this Court to issue an order temporarily sealing this motion in accordance with local rules as premature disclosure to the government could adversely prejudice the defendant by disclosing his claims prior to being provided a reasonable opportunity for discussions with his own appointed counsel. Additionally, he is represented by counsel in related proceedings where disclosure of this motion could adversely effect his counsel's efforts in concluding outstanding matters in the related case. The defendant contends that the government would not be adversely effected by the temporary sealing of this motion until the defendant is appointed counsel and his counsel can move for the timely unsealing. In the event this Court does not believe sealing is warranted in whole then the defendant requests permission to file a redacted version of the motion for filing on the public docket.

Respectfully Submitted,

Date Submitted: 12/u/2017

Shaun Bridges