Scott L. Fenstermaker, Esq.
Attorney for Defendant/Movant Shaun Bridges
100 Park Avenue, 16th Floor
New York, New York 10017
212-302-0201 (office)
917-817-9001 (cellular)
212-302-0327 (facsimile)
scott@fenstermakerlaw.com
New York State Bar Number 2519866
Appearing *pro hac vice*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---

| | |
|---|---|
| United States of America, | : |
| Plaintiff, | : Case Number 3:15-cr-00319-RS |
| v. | : |
| Shaun Bridges, | : |
| Defendant. | : |

---

**MOVANT SHAUN BRIDGES' MOTION PURSUANT TO 28 U.S.C. §2255, TO VACATE HIS SENTENCE, JUDGMENT OF CONVICTION AND WAIVER OF INDICTMENT**

AO 243 (Rev. 01/15)                                                   Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Northern District of California |
|---|---|---|
| Name (under which you were convicted): Shaun Bridges | | Docket or Case No.: 3:15-cr-00319-RS |
| Place of Confinement: FCI Terre Haute | | Prisoner No.: 20436-111 |
| UNITED STATES OF AMERICA     V.     Shaun Bridges | | Movant (include name under which convicted) |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court - Northern District of California
   450 Golden Gate Avenue
   San Francisco, California 94102-3489

   (b) Criminal docket or case number (if you know): 3:15-cr-00319-RS

2. (a) Date of the judgment of conviction (if you know): 12/7/2015

   (b) Date of sentencing: 12/7/2015

3. Length of sentence: 71 Months of Imprisonment; three years of supervised release

4. Nature of crime (all counts):

   Money Laundering, 18 U.S.C. Section 1957
   Obstruction of Justice, 18 U.S.C. Section 1512(c)(2)

5. (a) What was your plea? (Check one)
        (1) Not guilty ☐      (2) Guilty ☑      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Not applicable

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Ninth Circuit
   (b) Docket or case number (if you know): 15-10590
   (c) Result: Counsel's Anders motion to withdraw granted, appeal dismissed based upon waiver of appeal.
   (d) Date of result (if you know): 4/11/2017
   (e) Citation to the case (if you know): United States v. Bridges, 686 Fed. Appx. 491 (9th Cir. 2017).
   (f) Grounds raised:

Anders brief filed by appellate counsel on the ground that defendant waived his right to appeal pursuant to a plea agreement. The validity of this plea agreement, among other things, is challenged in the instant motion.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know):
       (2) Result:
       (3) Date of result (if you know):
       (4) Citation to the case (if you know):
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: United States District Court for the Northern District of California
        (2) Docket or case number (if you know): 3:15-cr-00319-RS
        (3) Date of filing (if you know): 12/14/2017
        (4) Nature of the proceeding: Motion to appoint counsel for the instant 28 U.S.C. 2255 motion.
        (5) Grounds raised: Movant asserted that sufficient grounds exist for the granting of the instant application to vacate his sentence pursuant to 28 U.S.C. 2255 and asked that the Federal

Defenders appoint counsel to represent movant in the instant matter.

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☑

    (7) Result: Denied

    (8) Date of result (if you know): 12/18/2017

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: Not Applicable

    (2) Docket of case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☑

    (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Because the Court's decision was not a final decision on the merits and was, therefore, not appealable. Court's decision simply denied movant's application for the appointment of counsel to bring the instant 2255 motion.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Violation of Due Process Rights - Fifth Amendment Violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was misinformed regarding the maximum possible penalty for his conviction of Money Laundering, 18 U.S.C. Section 1957. Movant was informed that the maximum possible sentence for his 1957 conviction was 20 years, not ten, as provided for in the statute. Movant was so misinformed at his August 31, 2015 arraignment, in his June 15, 2015 plea agreement, during his August 31, 2015 guilty plea colloquy, and in his November 2, 2015 presentence report. In addition, the Movant's Information Relative to a Criminal Action similarly misinformed him. Movant would not have waived indictment or entered a guilty plea, had he be properly informed of the correct statutory maximum penalty for money laundering.

(b) **Direct Appeal of Ground One:**

 (1) If you appealed from the judgment of conviction, did you raise this issue?
 Yes ☐   No ☑

 (2) If you did not raise this issue in your direct appeal, explain why:

Movant was unaware that he was misinformed of the maximum term of imprisonment until informed thereof by counsel in a subsequent case brought after his appeal in the instant matter was dismissed.

(c) **Post-Conviction Proceedings:**

 (1) Did you raise this issue in any post-conviction motion, petition, or application?
 Yes ☑   No ☐

 (2) If you answer to Question (c)(1) is "Yes," state:

 Type of motion or petition: Motion for the appointment of counsel in filing the instant motion

 Name and location of the court where the motion or petition was filed:
 United States District Court for the Northern District of California

 Docket or case number (if you know): 3:15-cr-00319-RS
 Date of the court's decision: 12/18/2017
 Result (attach a copy of the court's opinion or order, if available):

 Application for the appointment of counsel denied. See attached.

 (3) Did you receive a hearing on your motion, petition, or application?
 Yes ☐   No ☑
 (4) Did you appeal from the denial of your motion, petition, or application?
 Yes ☐   No ☑
 (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
 Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Not applicable

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Court's order was not a final order on the merits and was, therefore, not appealable.

**GROUND TWO:** Violation of Rule 11 of the Federal Rules of Criminal Procedure

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was misinformed at his August 31, 2015 plea colloquy regarding the maximum sentence that he faced pursuant to his conviction for Money Laundering, 18 U.S.C. Section 1957. Movant was informed that his maximum possible term of imprisonment for his 1957 conviction was 20 years, not 10 years, as provided for in the statute. Movant's plea agreement and presentence report similarly misstated the maximum possible punishment for Movant's money laundering conviction. Movant would not have waived indictment or entered a guilty plea, had he been properly informed of the correct statutory maximum term of imprisonment for money laundering.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Defendant was unaware of the fact that he was misinformed of the maximum term of imprisonment until after his appeal was dismissed and he was charged under a separate matter.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☑   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Motion for the appointment of counsel in the instant motion.

Name and location of the court where the motion or petition was filed:
United States District Court for the Northern District of California

Docket or case number (if you know): 3:15-cr-00319-RS

Date of the court's decision: 12/18/2017

Result (attach a copy of the court's opinion or order, if available):
Motion for the appointment of counsel denied. See attached.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Not applicable

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Court's decision denying the motion for appointment of counsel was not a final order on the merits and was, therefore, not appealable.

**GROUND THREE:** Ineffective assistance of counsel - trial and appellate

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant's trial counsel failed to properly advise defendant that he was only facing a maximum term of imprisonment of 10 years for his Money Laundering conviction pursuant to 18 U.S.C. Section 1957, rather than the 20 years as asserted in the movant's plea agreement, at his arraignment, during his plea colloquy, and in his presentence report. Similarly, movant's appellate counsel failed to raise this issue on appeal, thereby denying movant the ability to have the issue reviewed under a more lenient standard of review. Movant would not have waived indictment and entered a guilty plea, had he been properly informed. Similarly, Movant's appeal would have been judged based upon different standards, had this issue been raised on appeal

(b) **Direct Appeal of Ground Three:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑

  (2) If you did not raise this issue in your direct appeal, explain why:

  Movant was unaware of counsel's failure until after his appeal was dismissed in the instant matter.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☑    No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: Motion for the appointment of counsel to bring the instant motion.

  Name and location of the court where the motion or petition was filed:
  United States District Court for the Northern District of California

  Docket or case number (if you know): 3:15-cr-00319-RS

  Date of the court's decision: 12/18/2017

  Result (attach a copy of the court's opinion or order, if available):
  Motion for appointment of counsel denied. Please see attached.

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☑

  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☑

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed:

  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Court's order denying movant's motion for the appointment of counsel was not a final decision on the merits and was, therefore, not appealable.

**GROUND FOUR:** Movant's waiver of indictment was not entered into knowingly and voluntarily and was, therefore, a violation of his right to due process of law and his right to counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was misinformed as to the correct statutory maximum term of imprisonment for his money laundering conviction. In order to plead guilty, Movant was required to waive indictment and agree to be prosecuted by information. This waiver was obtained in violation of his Fifth Amendment right to due process of law, his Sixth Amendment right to counsel, and his rights pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Movant was unaware of the misinformation that he was provided until after his appeal was decided by the Ninth Circuit.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☑   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Motion for appointment of counsel for the instant 28 U.S.C. 2255 motion.
Name and location of the court where the motion or petition was filed:
Uninted States District Court, Northern District of California, San Francisco, California

Docket or case number (if you know): CR-15-00319-RS
Date of the court's decision: 12/18/2017
Result (attach a copy of the court's opinion or order, if available):

See attached.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

This is essentially a new motion, as the prior motion for the appointment of counsel was filed to secure counsel in the instant 2255 motion. Movant did not raise these issues previously in federal court as he only learned about them after the Ninth Circuit's dismissal of his appeal in the instant matter.

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Steven H. Levin, Levin & Curlett, LLC, 300 East Lombard Street, Suite 1510 Baltimore, MD 21202

    (b) At the arraignment and plea:
    Steven H. Levin, Levin & Curlett, LLC, 300 East Lombard Street, Suite 1510 Baltimore, MD 21202

    (c) At the trial:
    Not applicable

    (d) At sentencing:
    Steven H. Levin, Levin & Curlett, 300 East Lombard Street, Suite 1510 Baltimore, MD 21202

    (e) On appeal:
    Davina Pujari, Hanson Bridgett, 425 Market Street, 26th Floor, San Francisco, Calironia 94105

    (f) In any post-conviction proceeding:
    Not applicable

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    Not applicable

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☑   No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    United States District Court for the Northern District of California - San Francisco, California

    (b) Give the date the other sentence was imposed: 11/7/2017
    (c) Give the length of the other sentence: 24 months of imprisonment and three years of supervised release
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    Judgment of conviction does not become final until 90 days after April 11, 2018, as the Ninth Circuit's decision on Movant's appeal was filed with the clerk of the court on that date.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                Page 13

Therefore, movant asks that the Court grant the following relief:

Grant his motion to vacate his sentence and waiver of indictment and set the matter over for further proceedings.

or any other relief to which movant may be entitled.

_Scott G. Fenton_
Signature of Attorney (if any)
*appearing pro hac vite*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
                                                                                              (month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.