# EXHIBIT 1



STEVEN H. LEVIN
ADMITTED TO PRACTICE IN MARYLAND,
THE DISTRICT OF COLUMBIA, AND
NORTH CAROLINA

CHARLES N. CURLETT, JR.
ADMITTED TO PRACTICE IN MARYLAND,
THE DISTRICT OF COLUMBIA, AND NEW YORK

STRIDER L. DICKSON
ADMITTED TO PRACTICE IN MARYLAND

SARAH F. LACEY
OF COUNSEL
ADMITTED TO PRACTICE IN MARYLAND

**LEVIN & CURLETT** LLC

LAWYERS. LITIGATORS. PROBLEM SOLVERS.

745 FIFTH AVE., STE 500
NEW YORK, NY 10151
646.898.2089  |  FAX 212.207.3111

201 N. CHARLES ST., STE 2000
BALTIMORE, MD 21201
410.685.4444  |  FAX 410.685.2222

1455 PENNSYLVANIA AVE., STE 400
WASHINGTON, DC 20004
202.280.2001  |  FAX 202.652.2309

WWW.LEVINCURLETT.COM

Steven H. Levin
Baltimore Office
410.685.0078

June 2, 2015

*Via email*

Mr. William Frentzen, AUSA
US Attorney's Office
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Shaun W. Bridges*

Dear Will,

As you know, Mr. Bridges has expressed his desire to plead guilty since meeting with you and your team on March 29, 2015. To that end, he proffered at that time and explained what he did and why he did it. He recognized then that he could have remained silent and forced your office to prove its case beyond a reasonable doubt. This would have been a complicated case to have prosecuted. His decision, as you would agree (and in fact have previously agreed), saved your office considerable time and effort. Admittedly, it also brought Mr. Bridges some emotional relief from having carried this burden for the past two years. Although you have chosen not to believe his account in its entirety, Mr. Bridges remains interested in putting this matter behind him and pleading guilty to actions that accurately capture his conduct.

This is about a Secret Service agent who stole approximately $350,000.00 in bitcoins from accounts that belonged to others. It is a theft case that is made more serious by Mr. Bridges' former position as a law enforcement official. Having said that, Mr. Bridges is prepared to plead guilty to money laundering since, as he indicated, he later converted the bitcoins into money that he transferred into bank accounts. He is not prepared to plead guilty to obstruction of justice at this time, absent some further demonstration of how he obstructed, influenced, or impeded the investigation in the Northern District of California. The allegations set forth in the proposed plea, in which it is alleged that a San Francisco grand jury investigated Mr. Bridges' conduct, do not on their own amount to obstruction.

June 2, 2015
Page 2

      Consistent with the objection noted above, Mr. Bridges further objects to an enhancement for obstruction of justice. I would suggest we leave that issue open, allowing both sides to address it at sentencing.

      Likewise, I request that we leave open the issue of "sophisticated means." As you know, Mr. Bridges wired money into accounts that were associated with his name. He then paid federal and state income taxes on the gains made from the conversion of the bitcoins to dollars. The proposed enhancement generally applies to cases involving the use of fictitious entities and other means intended to hide assets, which is hardly the case here.

      Mr. Bridges agrees that forfeiture is appropriate; however, he does not agree to restitution at this time, and he would request further information from you with respect to what entities or individuals would be owed restitution in this case.

      Given Mr. Bridges' expressed interest in pleading guilty to money laundering, and the government's own interest in saving its time, money, and effort, it is my hope that we can successfully resolve this case. I have not raised each issue; those that remain are so minor that I am confident that if we can resolve the ones discussed here, we can finalize an agreement and move quickly to getting this case set for a change of plea.

      Very truly yours,

      /s/

      Steven H. Levin

cc: Ms. Kathryn Haun, AUSA