Scott L. Fenstermaker, Esq.
Attorney for Defendant/Movant Shaun Bridges
100 Park Avenue, 16th Floor
New York, New York 10017
212-302-0201 (office)
917-817-9001 (cellular)
212-302-0327 (facsimile)
scott@fenstermakerlaw.com
New York State Bar Number 2519866
Appearing *pro hac vice*

John M. Runfola, Esq.
Pier 9, Suite 100
San Francisco, California 94111
415-391-4243 (office)
415-601-1069 (cellular)
john@johnmrunfola.com
Local Counsel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case Number 3:15-cr-00319-RS |
| v. | Declaration Pursuant to 28 U.S.C. §1746 |
| Shaun Bridges, | |
| Defendant. | |

---

**DECLARATION OF SCOTT L. FENSTERMAKER
PURSUANT TO 28 U.S.C. §1746**

SCOTT L. FENSTERMAKER, states as follows, as provided for in 28 U.S.C. §1746:

1. I am an attorney at law and file this declaration in support of Movant's motion seeking an expansion of time from Monday, July 16, 2018 until Friday, August 24, 2018 to file Movant's reply to the Government's July 12, 2018 opposition papers.

1

2. I represent the Movant herein for the purpose of his motion filed pursuant to 28 U.S.C §2255.

3. The Movant herein is currently in custody at the Federal Correctional Institution at Terre Haute, Indiana (the "Institution"), where he is held in the so-called Correspondence Management Unit ("CMU").

4. The procedures for legal mail at the CMU are such that there is an extended delay between my sending correspondence to Movant and my receipt of any response to my correspondence from Movant, no matter how quickly Movant drafts and posts his response.

5. I can communicate by way of non-privileged e-mail with Movant, but because Movant is housed in the CMU, our e-mails are reviewed and delayed before they are transmitted through the e-mail system. Furthermore, I do not feel it appropriate to communicate with Movant about the substance of these motions through the e-mail system, as it is non-privileged and I am ethically required by the New York State ethical rules to maintain Movant's confidences.

6. I can, with ample advance notice, arrange a ½ hour privileged legal telephone conference with Movant. However, the scheduling of the call is usually at least five days after I call the Institution to schedule an appointment for the call. Furthermore, it is very difficult to have meaningful substantive discussion by telephone, as Movant and I have communicated best in editing documents by mail for clarity purposes.

7. It is my policy, in all of my matters, to involve my clients in the preparation for their cases, at whatever stage.

8. I particularly need to involve Movant in the preparation for these motion papers, and Movant's reply brief, because I am new to this case and Movant's familiarity with the record

and issues at hand exceeds my own. Furthermore, it is clear to me that Movant would feel more comfortable if he is afforded editing input in the instant Reply brief. Based upon my experience, Movant's desire to be involved in the editing of the Reply brief is entirely appropriate.

9. I cannot reasonably involve Movant in the preparation of his Reply brief, unless we are afforded an expansion of time until Friday, August 24, 2018 to file the Reply brief.

10. I state under penalty of perjury that the foregoing is true and correct.

Dated:   July 14, 2018
         New York, New York

                                           _____
                                           Scott L. Fenstermaker, Esq.