Scott L. Fenstermaker, Esq.
Attorney for Defendant/Movant Shaun Bridges
100 Park Avenue, 16th Floor
New York, New York 10017
212-302-0201 (office)
917-817-9001 (cellular)
212-302-0327 (facsimile)
scott@fenstermakerlaw.com
New York State Bar Number 2519866
Appearing *pro hac vice*

John M. Runfola, Esq.
Pier 9, Suite 100
San Francisco, California 94111
415-391-4243 (office)
415-601-1069 (cellular)
john@johnmrunfola.com
Local Counsel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---

| | |
|---|---|
| United States of America, | : |
| Plaintiff, | : Case Number 3:15-cr-00319-RS |
| v. | : |
| Shaun Bridges, | : |
| Defendant. | : |

---

**MOVANT SHAUN BRIDGES' REPLY TO GOVERNMENT'S
OPPOSITION PAPERS TO MOVANT'S 28 U.S.C. 2255 MOTION**

United States v. Shaun Bridges

CR 15-00319 (RS)

Reply Memorandum of Law

Table of Contents

|  |  |  |
|---|---|---|
|  | Table of Authorities | Page ii |
| I. | Introduction | Page 1 |
| II. | The Government's Argument in Opposition | Page 1 |
| III. | Movant's Reply | Page 2 |
|  | A. Movant did not lawfully waive his statutory right of collateral attack | Page 2 |
|  | B. The Government's Due Process and Rule 11 Analyses are Flawed | Page 3 |
|  |     1. Due Process | Page 3 |
|  |     2. Rule 11 | Page 5 |
|  | C. Ineffective Assistance of Counsel | Page 11 |
|  | D. The Government's Two Exhibits | Page 13 |
| IV. | Conclusion | Page 15 |

United States v. Shaun Bridges

CR 15-00319 (RS)

Memorandum of Law in Reply

Table of Authorities

United States Constitution

| | |
|---|---|
| Fifth Amendment | Page 1 |

United States Statutes

| | |
|---|---|
| 18 U.S.C. §1956 | Pages 2, 14 |
| 18 U.S.C. §1957 | Pages 2, 14 |
| 28 U.S.C. §2255 | Page 1 |

Cases

| | |
|---|---|
| *Abney v. United States*, 431 U.S. 651 (1977) | Page 2 |
| *Avalos v. Curry*, 2011 U.S. Dist. LEXIS 138050 (N.D.Ca.) | Page 10 |
| *Boykin v. Alabama*, 395 U.S. 238 (1969) | Page 3 |
| *Brady v. United States*, 397 U.S. 742 (1970) | Page 3 |
| *Davies v. Benov*, 856 F.3d 1243 (9th Cir. 2017) | Page 2 |
| *Hill v. Lockhart*, 474 U.S. 52 (1985) | Page 4 |
| *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986) | Page 4 |
| *Kelsey v. United States*, 484 F.2d 1198 (3rd Cir. 1973) | Page 9 |
| *Kyles v. Whitley*, 514 U.S. 419 (1995) | Page 10 |
| *Mabry v. Johnson*, 467 U.S. 504 (1984) | Page 5 |
| *Marchibroda v. United States*, 368 U.S. 487 (1962) | Page 4 |
| *Najera-Gordillo v. United States*, 2009 U.S. Dist. LEXIS 82062 | Pages 6, 7 |
| *Pitts v. United States*, 763 F.2d 197 (6th Cir. 1985) | Page 10 |

*United States v. Abarca*, 985 F.2d 1012 (9th Cir. 1993)            Page 2

*United States v. Barrios-Gutierrez*, 255 F.3d 1024 (9th Cir. 2001)   Pages 9, 10

*United States v. Barron*, 172 F.3d 1153 (9th Cir. 1999)             Page 3

*United States v. Borowy*, 595 F.3d 1045 (9th Cir. 2010)             Page 10

*United States v. Castillo*, 496 F.3d 947 (9th Cir. 2007)            Page 2

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004)             Page 10

*United States v. Gigot*, 147 F.3d 1193 (10th Cir. 1998)             Pages 4, 10

*United States v. Graibe*, 946 F.2d 1428 (9th Cir. 1991)             Page 8

*United States v. Gray*, 581 F.3d 749 (8th Cir. 2009)                Page 9

*United States v. Hernandez*, 203 F.3d 614 (9th Cir. 2000)           Page 4

*United States v. Jaramillo-Suarez*, 857 F.2d 1368 (9th Cir. 1988)   Page 10

*United States v. Jeronimo*, 398 F.3d 1149 (9th Cir. 2005)           Page 2

*United States v. Kearney*, 750 F.2d 787 (9th Cir. 1984)             Page 10

*United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013)                Page 13

*United States v. Leitch*, 702 Fed. Appx. 557 (9th Cir. 2017)        Page 10

*United States v. Mitchell*, 398 Fed. Appx. 159 (6th Cir. 2010)      Page 10

*United States v. Portillo-Cano*, 192 F.3d 1246 (9th Cir. 1999)      Pages 2, 13

*United States v. Ramos*, 923 F.2d 1346 (9th Cir. 1991)              Page 10

*United States v. Rhodes*, 913 F.2d 839 (10th Cir. 1990)             Page 5

*United States v. Ruiz*, 536 U.S. 622 (2002)                         Page 3

*United States v. Sanclemente-Bejarano*, 861 F.2d 206 (9th Cir. 1988) Pages 8, 10

*United States v. Stubbs*, 279 F.3d 402 (6th Cir. 2002)              Page 10

*United States v. Timmreck*, 441 U.S. 780 (1979)                     Pages 7, 8, 13

*United States v. Vonn*, 535 U.S. 55 (2002)                          Page 13

Federal Rules of Criminal Procedure

Federal Rule of Criminal Procedure Rule 11                    Pages 1, 2, 5, 10

## I. INTRODUCTION

Movant Shaun Bridges ("Movant") filed a motion, pursuant to 28 U.S.C. §2255, to vacate his sentence and waiver of indictment on the grounds that his Fifth Amendment right to Due Process of Law was violated, that the Court violated Rule 11 of the Federal Rules of Criminal Procedure, that Movant received ineffective assistance of both trial and appellate counsel, and that his Waiver of Indictment (Document Number 169-5 Herein) was not knowingly and voluntarily entered into. Movant's motion was based upon the fact that he was incorrectly informed of the statutory maximum potential term of imprisonment for his conviction of money laundering, the first count of the two-count information ("Information," Document Number 169-4 Herein) to which he pled guilty on August 31, 2015. Movant was similarly misinformed in his negotiated Plea Agreement (Document Number 169-3 Herein), at his August 31, 2015 arraignment on the Information (minutes of which are Document Number 169-6 Herein), later that same day during his guilty plea allocution (minutes of which are Document 169-7 Herein), on the first page of his Presentence Report ("PSR") (Document Number 169-8 Herein), and in the June 16, 2015 Defendant Information Relative to a Criminal Action (Document 169-9 Herein). The government timely responded on July 12, 2018 (Document Number 171 Herein) ("Gov. Opp."). This is Movant's reply brief.

## II. THE GOVERNMENT'S ARGUMENT IN OPPOSITION

In the Gov. Opp., the government, referring to the repeated misinformation as a "typographical error," *see* Gov. Opp., Page 1, Line 9, Page 4, Line 4, Page 5, Line 1, argues that Movant waived his right of collateral attack and that all claims, other than ineffective assistance of counsel, are therefore precluded. *See* Gov. Opp., Page 4, Lines 12 through 15. The government next argues that Movant's trial counsel was effective because counsel secured a plea

Movant Shaun Bridges' Reply
Case Number CR 15-00319 (RS)

1

agreement allowing Movant to plead to 18 U.S.C. §1957, instead of 18 U.S.C. §1956, thereby securing a Sentencing Guidelines (the "Guidelines") benefit. The government concluded by dismissing Movant's Due Process and Rule 11 claims by arguing that the government intended to perform its bargain, only trial counsel's misrepresentations can lead to a Due Process violation, that "[u]ncertainty 'is the linchpin of every plea bargain,'" Gov. Opp., Pages 12 and 13, Lines 25 through 26, and that the repeated misinformation was neither a structural nor plain error. *See* Gov. Opp., Pages 11 through 12, Lines 7 through 23.

### III.  MOVANT'S REPLY

#### A.  Movant did not lawfully waive his statutory right of collateral attack

The government's argument that Movant waived his statutory right of collateral attack is circular, in that it ignores the fact that any waiver of a statutory right must itself be entered into knowingly and voluntarily. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *citing Abney v. United States*, 431 U.S. 651, 52 L. Ed. 2d 651, 97 S. Ct. 2034 (1977); *see also Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017), *citing United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) ("Waivers of appeal must stand or fall with the agreement of which they are a part. If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored. If the agreement is involuntary or otherwise unenforceable, then the defendant is entitled to appeal," 398 F.3d at 1154), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (*en banc*); *see also United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999). Ninth Circuit law in this area follows directly from the fact that plea agreements are governed by basic contract law principles, including the fact that contracts must be entered into knowingly and voluntarily.

As described in Movant's June 12th Memorandum of Law (Document Number 169-1 Herein), Movant did not enter into the Plea Agreement, including the waiver of his statutory right of collateral attack, in a knowing and voluntary fashion. *See* Movant's June 12, 2018 Memorandum of Law, Pages 17 through 19. *See United States v. Barron*, 172 F.3d 1153, 1165 (9th Cir. 1999) (Graber, J., dissenting) (waiver "cannot be half voluntary and half involuntary; half knowing and half unknowing; half constitutional and half unconstitutional"). As Movant was induced to enter into the Plea Agreement, including the waiver of his right to collaterally attack his conviction, by repeated written and oral misrepresentations by the government, the Department of Probation and the Court, the entire Plea Agreement, including his waiver of indictment and his waiver of his right of collateral attack, must fall.

### B. The Government's Due Process and Rule 11 Analyses are Flawed

#### 1. Due Process

The government acknowledges, as it must, that plea agreements must be entered into knowingly and voluntarily. *See* Gov. Opp., Page 12, Line 25. "[T]he record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970), *citing Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *see also United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make *related waivers* 'knowingly, intelligently, [and] with sufficient awareness of the relevant circumstances and likely consequences'") (emphasis added), *citing Brady, supra.*, 397 U.S. at 748 and *Boykin, supra*.

The government's Due Process argument rests on Movant's purported failure to demonstrate either that *counsel's* misrepresentation was knowing or that *counsel* misrepresented

the sentence that Movant would actually receive. *See* Gov. Opp., Page 12, Line 26 and Page 13, Line 3. The government's argument misses the mark, as Movant does not, in the first instance, rely on a claim that his trial counsel misrepresented anything to him regarding the maximum sentence. Indeed, Movant's Declaration, submitted in support of the instant motion, clearly states that his trial counsel "never informed [him] of the correct statutory maximum term of imprisonment for the money laundering count." Movant's May 25, 2018 Declaration, Document Number 169-11 herein, Page 1, Paragraph 2. Likewise, Movant's trial counsel, Steven H. Levin, Esq., filed a Declaration in support of Movant's motion in which Mr. Levin acknowledged that he has "no specific recollection of informing [Movant] that the statutory maximum potential term of imprisonment for his money laundering conviction for Title 18 U.S.C. Section 1957 was ten years." May 14, 2018 Declaration of Steven Levin, Esq., Document 169-12 herein, Page 1, Paragraph 2. It is the government's, Department of Probation's, and the Court's misstatements which form the basis of Movant's Due Process challenge.

"[A] plea is void if it is 'induced by promises or threats which deprive it of the nature of a voluntary act.'" *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986), *quoting Marchibroda v. United States*, 368 U.S. 487, 493 (1962). The Ninth Circuit has recognized that "a plea is 'unintelligent' if the defendant is without the information necessary to assess intelligently 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.'" *United States v. Hernandez*, 203 F.3d 614, 619 (9th Cir. 2000), *quoting Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "A plea must 'constitute a deliberate, intelligent choice between available alternatives' in order to be knowingly and intelligently made." *United States v. Gigot*, 147 F.3d 1193, 1199 (10th Cir. 1998) (Defendant advised that her maximum potential term of

imprisonment was 30 years, when in fact she faced only a maximum of five years), *citing United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990).

The government next discusses the Plea Agreement's suggested Guidelines' range of imprisonment, whether the Court was bound by the Plea Agreement in this respect, and whether the Court could sentence Movant to a term of imprisonment outside of the Plea Agreement's proposed range.[1] *See* Gov. Opp., Page 13, Lines 11 through 17 and Lines 24 and 25. Here, the government's argument entirely misses the mark. The instant motion does not address the Guidelines, at any level. Instead, Movant simply entered into the Plea Agreement involuntarily and unknowingly because he was concerned about the possibility of a 20-year sentence for money laundering, when such a sentence could not, in fact, have been imposed.

2. **Rule 11**

In making its argument that Rule 11 of the Federal Rules of Criminal Procedure was not violated in Movant's matter, the government acknowledges, as it must, that Movant's guilty plea must have been voluntary and that Movant can collaterally attack his plea and sentence where he "was not fully apprised of [the plea's] consequences." *See* Gov. Opp., Page 11, Lines 7 through 10, *citing Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). The government acknowledges that the plain language of plea agreements, including waivers of appeal, is *generally* enforced. *See id.*, Lines 11 through 16 (emphasis added). The government then attempts to avoid the natural consequences of the implied exceptions to this rule by arguing that Movant need not have possessed "complete knowledge of the relevant circumstances" and seeks

---

[1] Ironically, the portions of the Plea Agreement the government cites here support Movant's application. After all, these provisions simply inform Movant that he could be sentenced up to the statutory maximum for money laundering, or 20 years, as he was misinformed.

Movant Shaun Bridges' Reply               5
Case Number CR 15-00319 (RS)

to excuse what it euphemistically characterizes as the Movant's "misapprehension" under the circumstances presented here. *See id.*, Lines 16 through 19.

The government is undoubtedly correct in these regards, but misapplies these undeniable statements of law to the case at hand. Movant's matter is a classic case of an unenforceable Plea Agreement. Indeed, a portion of the Plea Agreement's plain language to which the government refers is the claim that Movant faced up to 20 years in prison as a result of the Section 1957 money laundering conviction. *See* Plea Agreement, Document Numbered 169-3 herein, Page 2, Line 19. It goes without saying that the government cannot claim that the Plea Agreement's plain language should "generally" be enforced in this regard. Similarly, the government's reliance on law that states that Movant can be under *certain* misapprehensions and that he didn't have to have *complete* knowledge of all of the relevant circumstances is misplaced where, as here, Movant relied on repeated explicit written and oral misstatements of law regarding one of the single-most important factors material to his plea-bargaining risk analysis.

The government remarkably follows this flawed argument with a claim that "Bridges' motion first asserts that misstatement of the *Sentencing Guidelines* constitutes a structural error in Rule 11 proceedings." *See* Gov. Opp., Page 11, Lines 23 and 24 (emphasis added). The government's claim in this regard is simply false. A word search of Movant's June 12, 2018 Memorandum of Law makes clear that not only were the Guidelines never mentioned, but the words "sentencing" and "guidelines" were not used at any time. Hence, the government's effort to refute an argument that Movant never made should be seen for what it is – argument by misdirection.

The government continues its diversionary Guidelines analysis by misstating the facts, and Movant's use, of *Najera-Gordillo v. United States*, 2009 U.S. Dist. LEXIS 82062. *See*

*id.*, Page 12, Lines 6 through 9. According to the government, *Najera-Gordillo* suggested that "an overestimation of the *Sentencing Guidelines* had impacted defendant's substantial rights." *Id.*, at Lines 8 and 9. Like Movant's Memorandum of Law, *Najera-Gordillo* never mentioned the Guidelines. It is therefore difficult to understand to which "overestimation" the government refers. While the defendant in *Najera-Gordillo* did claim that his counsel did not properly inform him of the sentencing *range* that he faced, the Guidelines were never mentioned. *See id.*, at *2. Indeed, as here, the operative fact in *Najera-Gordillo* was that the defendant had been misadvised of the statutory maximum term of imprisonment, without reference to the Guidelines. *See id.*, at *3 and *4. The *Najera-Gordillo* defendant's correct maximum term of imprisonment was 40 years, but he was advised that the maximum was life, if convicted. *See id.* While it is unclear why the government misstated *Najera-Gordillo*'s facts, it is clear that this misstatement's effect is to mislead the Court regarding the strength of Movant's Rule 11 argument.

The government continues its misuse of caselaw by citing *United States v. Timmreck*, 441 U.S. 780, 782-83 (1979) ("[R]espondent had not suffered any prejudice inasmuch as he had received a sentence within the maximum described to him at the time the guilty plea was accepted"). *See* Gov. Opp., Page 12, Lines 10 through 12. The Gov. Opp. fails to mention that the language quoted from *Timmreck* in the Gov. Opp. is the Supreme Court's summary of the District Court's decision in the *Timmreck* defendant's 2255 motion. While the Supreme Court ultimately upheld the defendant's conviction in *Timmreck*, it did so because the trial court's error in *Timmreck* was to fail to inform the Defendant of "the mandatory special parole term of at least 3 years required by the applicable statute." *Timmreck*, 441 U.S. at 782. The Court in *Timmreck* relied on the fact that the district court's failure in this regard was "neither constitutional nor jurisdictional." *See id.*, at 783. The *Timmreck* Court further explained that no "claim reasonably

[can] be made that the error here resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 784. Similarly, the *Timmreck* Court explained that the defendant did "not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of Rule 11." *Id.* At *Timmreck*'s conclusion, the Supreme Court stated that "we find it unnecessary to consider whether § 2255 relief would be available if a violation of Rule 11 occurred in the context of *other aggravating circumstances.*" *Id.*, at 784-85 (emphasis added). Movant's matter presents such aggravating circumstances.

The government next cites *dicta* in *United States v. Graibe*, 946 F.2d 1428, 1433-34 (9th Cir. 1991) for the proposition that a Rule 11 violation is not fatal where "the record shows that the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he actually received." 946 F.2d at 1433, *citing United States v. Sanclemente-Bejarano*, 861 F.2d 206, 210 (9th Cir. 1988). While the government accurately quoted the language from both *Graibe* and *Sanclemente-Bejarano*, it failed to explain that *Sanclemente-Bejarano* involved the district court's failure to properly adhere to Rule 11(c) of the Federal Rules of Criminal Procedure. At the time of the *Sanclemente-Bejarano* decision, Rule 11(c) required that the court "*address* the defendant . . . and *inform* the defendant of, and determine that the defendant *understands* . . . the *effect* of any special parole term." 861 F.2d at 210 (emphasis added). The Court in *Sanclemente* "did not warn Sanclemente that he would be ineligible for parole, nor did it explain to him the nature or effect of the term of supervised release."

These facts are clearly distinguishable from those presented here, where the government, the Department of Probation, and the Court all misinformed Movant of the

maximum sentence he faced, by way of doubling his potential prison term exposure on the money laundering count.[2] *See also United States v. Gray*, 581 F.3d 749, 754 (8th Cir. 2009) ("Thus, the question is not whether [Movant] was sentenced within the range of which the court did make him aware; rather, the question is, had [Movant] known of the full range to which he could be sentenced, would he have pled guilty in the first place").

Finally, the government correctly states that *United States v. Barrios-Gutierrez*, 255 F.3d 1024, 1027-28 (9th Cir. 2001) held that "Rule 11 does not require that the district court announce authoritatively the actual maximum sentence at the plea-taking stage." *See* Gov. Opp., Page 12, Lines 20 through 23. However, what the government fails to note is that in *Barrios-Gutierrez* the district court *correctly* informed the defendant that the maximum sentence that he faced was *either* two years, or 20 years, depending upon whether or not the government sought the application of an available statutory enhancement. Under these unique circumstances, the Ninth Circuit found that the defendant was aware of the two potential statutory maximum terms of imprisonment. In the instant matter, Movant was never correctly informed of the statutory maximum for money laundering. As a result, when he entered his plea of guilty, there was no uncertainty as to what the correct statutory maximum term of imprisonment was. That figure was 10 years. Movant was repeatedly informed otherwise to his detriment. Hence, his plea was unknowing and involuntary and he should be allowed to withdraw his plea of guilty and his waiver of indictment.

---

[2] The government implies, in making these arguments, that Movant was not prejudiced herein because (1) he received a sentence less than the 10 years he could have received for his money laundering conviction, and (2) that his sentence of imprisonment fell within the Guidelines' range of imprisonment for a conviction of 18 U.S.C. §1957. This argument is unavailing. Movant's prejudice resulted from his plea of guilty and his waiver of valuable constitutional rights, not from the sentence that he ultimately received. *See Kelsey v. United States*, 484 F.2d 1198, 1200 (3rd Cir. 1973).

Movant Shaun Bridges' Reply  9
Case Number CR 15-00319 (RS)

Here, Movant merely needs to establish "a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also Kyles v. Whitley*, 514 U.S. 419, 434 (1995). A reviewing court must look to the entire record to determine if the defendant was aware of the necessary sentencing information to determine whether he or she entered into the guilty plea in a knowing and voluntary fashion. *See United States v. Leitch*, 702 Fed. Appx. 557, 558 (9th Cir. 2017), *see also United States v. Borowy*, 595 F.3d 1045, 1050 (9th Cir. 2010); *see also United States v. Barrios-Gutierrez, supra.*, 255 F.3d at 1027; *see also United States v. Kearney*, 750 F.2d 787, 790-91 (9th Cir. 1984).

Rule 11 violations are harmless, unless a substantial right is involved. *See United States v. Ramos*, 923 F.2d 1346, 1357 (9th Cir. 1991), *citing* Federal Rule of Criminal Procedure Rule 11(h) and *United States v. Sanclemente Bejarano, supra.*, 861 F.2d at 210; *see also Gigot, supra.*, 147 F.3d at 1197. A defendant's knowledge of the correct statutory maximum term of imprisonment is a substantial right. *See id.*, *citing* Rule 11(h), *Sanclemente Bejarano* and *United States v. Jaramillo Suarez*, 857 F.2d 1368, 1372 (9th Cir. 1988). Affirmative misstatements of the maximum potential term of imprisonment can lead to reversal. *See Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985); *see Avalos v. Curry*, 2011 U.S. Dist. LEXIS 138050 *9 (N.D.Ca. Alsup, J) (providing a thorough explanation of why an overstatement of the potential statutory maximum term of imprisonment is more likely to induce a defendant to enter a plea of guilty); *see also United States v. Mitchell*, 398 Fed. Appx. 159, 162 (6th Cir. 2010), *citing United States v. Stubbs*, 279 F.3d 402, 411-12 (6th Cir. 2002) ("It is true that where, as here, a district

court overstates the maximum potential sentence to which a defendant may be subject, the misinformation may deprive the defendant of an understanding of the actual consequences he faces and the true nature of the options available to him, thereby making his plea unintelligent").

### C. Ineffective Assistance of Counsel

The government focuses its ineffective assistance of counsel argument on trial counsel's apparent ability to obtain a plea offer to a less serious crime with a correspondingly lower Guidelines' sentencing range. *See* Gov. Opp., Pages 4 through 9, Lines 7 through 20. The government understandably ignores, in its entirety, Movant's argument that appellate counsel was ineffective for failing to recognize the fact that Movant's appellate waiver was arguably unknowingly and unintelligently entered into and for failing to raise Movant's Due Process and Rule 11 challenges that form the basis of the instant motion on direct appeal. The government similarly ignores the fact that trial counsel failed to inform Movant that the negotiated plea resulted in a lesser statutory maximum term of imprisonment to which he could be sentenced. Here, the effectiveness issue is not whether counsel negotiated a plea to a lesser crime or whether the Guidelines' suggested range of imprisonment shifted downward by six months on both the bottom and top ends. What counsel failed to do is to inform Movant that he no longer faced a possible 20-year sentence for his money laundering conviction. It is this failure which leads to the conclusion that trial counsel was ineffective.

In order to establish ineffective assistance of counsel, Movant must demonstrate that counsel's performance fell outside of the range of competence required of attorneys in criminal cases. If failing to accurately inform Movant of the statutory maximum possible term of imprisonment Movant faced is not outside of the range of competence expected of counsel in criminal cases, it would seem difficult to discern what would. Any counsel in a criminal case, or

in any litigation, would first and foremost, want his or her client to understand the "worst case scenario," as it were. Otherwise, the client would not be able to properly weigh his or her options, in light of the potential downside of not taking a plea, or settling, as it were.

This is not a case where counsel simply neglected to inform Movant of the maximum term of imprisonment. Rather, this is a case where the government, Probation Department, and the Court repeatedly misinformed Movant of his statutory maximum term of imprisonment and counsel repeatedly validated these misrepresentations by failing to correct them.

In order to prove ineffectiveness of counsel, Movant must also demonstrate that he was prejudiced by counsel's ineffectiveness. Here, the standard is the same as for the Due Process and Rule 11 challenges. Movant must simply demonstrate that, had counsel properly informed him of the accurate maximum sentence, he would not have entered the guilty plea.

The government also argues that Guidelines miscalculations do not constitute ineffectiveness of counsel. As Movant's challenge does not address his Guidelines in any way, Movant will not respond to this prong of the government's ineffectiveness argument.

As stated in Movant's June 12, 2018 Memorandum of Law, Movant's appellate counsel was similarly ineffective. While it is correct that the Plea Agreement contained a waiver of Movant's right of appeal, any such waiver must be knowingly and voluntarily entered into. Appellate counsel apparently never reviewed the Plea Agreement, the minutes of Movant's August 31, 2015 arraignment, the minutes of Movant's August 31, 2015 guilty plea, the PSR, and Movant's Defendant Information Relative to a Criminal Matter. Appellate counsel's filing of an *Anders* brief based solely on Movant's waiver of appeal fell short of the standards expected of an appellate attorney in a criminal matter.

The Ninth Circuit has held that an appeal waiver does not preclude bringing an appellate challenge to a Rule 11 violation. *See Portillo-Cano, supra.*, 192 F.3d at 1252. Movant was prejudiced by appellate counsel's ineffectiveness, as his collateral attack of his Plea Agreement and its related consequences is reviewed by a different standard than the same challenge would have been reviewed on direct appeal. *See United States v. Vonn*, 535 U.S. 55, 59, 63-64 (2002) (plain error review applied to an asserted Rule 11 violation on direct appeal but defendant challenging Rule 11 violation on collateral attack must demonstrate "that the Rule 11 proceeding was 'inconsistent with the rudimentary demands of fair procedure' or constituted a 'complete miscarriage of justice'"), *citing Timmreck, supra.*, 441 U.S. at 783; *see also United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013) (same).

**D. The Government's Two Exhibits**

The government offered two exhibits in support of its arguments. Although the Federal Rules of Evidence arguably preclude the government's inclusion of these exhibits, Movant does not object to the Court's consideration thereof, solely for the purpose of ruling on the instant motion.

Government Exhibit 1 is a copy of a June 2, 2015 letter from Movant's trial counsel, Steven H. Levin, Esq., to AUSA William Frentzen, the lead prosecutor on Movant's matter (the "June 2nd Letter"). The copy of the June 2nd Letter offered by the government as Exhibit 1 has what appears to be handwritten annotations on it, including the number "1957" written on the left-hand side of the first page. The other handwritten annotations appear to be underlines designed to emphasize certain points of Mr. Levin's letter to AUSA Frentzen. According to Mr. Levin, he has reviewed government's Exhibit 1 and the handwriting on that Exhibit does not appear to be his, nor does he have any recollection of making those handwritten annotations. *See*

August 16, 2018 Declaration of Steven H. Levin, Esq., Paragraph 2. Furthermore, Mr. Levin clarifies the June 2nd Letter by explaining that his reference to money laundering in the last paragraph of page 1 was to 18 U.S.C. §1957, not 18 U.S.C. §1956.[3] *See id.*, Paragraph 3.

The government's second exhibit is a so-called "red-line" version of the Plea Agreement. It is also apparently offered to discuss plea negotiations between the parties.

While the government offers the June 2nd Letter in an effort to support its argument that Movant was always willing to plead to money laundering, whether it be 1956 or 1957, the government fails to address the procedural process by which the negotiations were finalized, and the effect thereof, when viewed from Movant's perspective. Movant in no way denies that he was willing to accept a plea of guilty to 1957 money laundering. After all, he did, in fact, plead guilty to 1957, based upon his understanding that he faced a potential term of imprisonment of 20 years thereon. He was not, however, willing to plead guilty to obstruction of justice. When the government insisted upon the inclusion of a count of obstruction of justice as a condition of the Plea Agreement, Movant was advised that he would face no additional sentencing exposure because of the Guidelines' grouping rules. *See* Movant's May 25, 2018 Declaration, Page 3, Paragraph 8, Document Number 169-11 herein. Indeed, the government concedes this very point in its opposition brief. *See* Gov. Opp., Page 9, Lines 11 through 13. In reality, the obstruction of justice count carried double the maximum penalty as the money laundering count.

Under these circumstances, Movant was left with little choice. While the Plea Agreement, when viewed in the light most favorable to the government, arguably offered the minimal benefit of a six-month reduction in the bottom and top end of his Guidelines range of

---

[3] The government's apparent effort to self-clarify the June 2, 2015 Letter is difficult to reconcile with its claim in the Gov. Opp. that Mr. Levin was referring to 18 U.S.C. §1956. *See* Gov. Opp. Page 2, Lines 17 through 19.

imprisonment, the range must be compared with the maximum potential sentence that he thought he faced. Exposure to a potential 71-month sentence may seem quite reasonable when facing a 20-year potential sentence, but not reasonable at all if only facing a 10-year potential maximum.

## CONCLUSION

For the foregoing reasons, Movant's sentence and judgment must be vacated and he must be allowed to withdraw his waiver of indictment. Movant agrees with the government that no evidentiary hearing is necessary to properly resolve this motion, as there remain no disputed issues of material fact.

Dated: August 24, 2018
      New York, New York

                                   **The Law Offices of Scott L. Fenstermaker, P.C.**
                                   Attorney for Movant Shaun Bridges

By: _____
      Scott L. Fenstermaker, Esq.
      100 Park Avenue, 16th Floor
      New York, New York 10017
      212-302-0201 (office)
      917-817-9001 (cellular)
      Email: scott@fenstermakerlaw.com

To:    Clerk of the Court
        United States District Court
        450 Golden Gate Avenue
        San Francisco, California 94102

        Office of the United States Attorney
        450 Golden Gate Avenue
        San Francisco, California 94102