UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>SHAUN BRIDGES,<br>    Defendant. | Case No. 15-cr-00319-RS-1<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE SENTENCE, JUDGMENT OF CONVICTION, AND WAIVER OF INDICTMENT** |

## I. INTRODUCTION

Shaun Bridges seeks to vacate his criminal sentence, judgment of conviction, and waiver of indictment. According to Bridges, his waiver of indictment and guilty plea were not entered knowingly and voluntarily, and his sentence therefore violates due process of law. For the reasons that follow, however, Bridges' motion is denied and his sentence is upheld.

## II. BACKGROUND

In March 2015, Bridges was charged with money laundering under 18 U.S.C. § 1956 and wire fraud under 18 U.S.C § 1343, each carrying with it a maximum sentence of twenty years. Later the government sought an obstruction of justice charge related to the money laundering conduct. In plea discussions, Bridges' counsel represented Bridges intended to plead guilty to the Section 1956 money laundering charge, but not the obstruction of justice charge. The government rejected Bridges' offer because it did not include the obstruction charge. Eventually the parties agreed to change the money laundering charge from Section 1956 to Section 1957, which carries with it a ten-year maximum sentence rather than twenty, so that Bridges would plead guilty to obstruction of justice as well. This reduced Bridges' Sentencing Guideline range from 26 to 25, effectively

Case 3:15-cr-00319-RS Document 175 Filed 10/16/18 Page 2 of 8

reducing the maximum recommended sentence from 78 to 71 months in prison.

On August 31, 2015, pursuant to his plea agreement with the government, Bridges pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1957, and one count of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). The plea agreement included a waiver of the right to "file any collateral attack on [his] conviction or sentence, . . . except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea." Plea Agreement ¶ 5 (Dkt. No. 169-3). After Bridges was sentenced to a 71-month term of imprisonment, consistent with the maximum term of his Sentencing Guideline range, he filed a direct appeal with the Ninth Circuit. On April 7, 2017, his appeal was denied. Despite agreeing to waive any collateral attacks, including pursuant to 28 U.S.C. § 2255, he raises the present claims.

### III. LEGAL STANDARD

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

### IV. DISCUSSION

Bridges challenges the constitutional basis of his sentence and waiver of indictment. He avers he could not enter the agreement knowingly and voluntarily since it was founded on incorrect information about the statutory maximum punishment for his money laundering conviction. He also raises an ineffective assistance of counsel claim based on his attorneys' failure to realize and inform him about the proper maximum sentence. The government argues Bridges waived his statutory right to attack collaterally his conviction and sentencing, apart from his ineffective assistance of counsel claim, which nonetheless fails because counsel was effective. The record shows Bridges' plea was knowingly and voluntarily entered, and his counsel was not ineffective.

A. <u>Waiver</u>

Bridges is correct that due process requires a guilty plea be both knowing and voluntary. *See*

2

*Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). A plea cannot be induced by misrepresentations, but it stands as entered if done "by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Brady v. United States*, 397 U.S. 742, 755 (1970). Misrepresentation requires "an intent at the time of contracting not to perform." *Puckett v. United States*, 556 U.S. 129, 138 (2009).

Bridges confirmed in his plea agreement when he considered and signed it, that his decision to plead guilty was made voluntarily and with knowledge of the charges brought against him. *See* Plea Agreement ¶ 18 (Dkt. No. 169-3). His lawyer also confirmed he fully explained the terms of the agreement to Bridges and attested that Bridges understood all the terms and entered the agreement knowingly and voluntarily. *Id*. ¶ 19. Notwithstanding the maximum sentences associated with individual counts, Bridges acknowledged in the agreement that his sentencing implicates the Sentencing Guidelines and that the court is not bound by the Guideline calculations. *Id*. ¶ 7. Bridges agreed not to file any collateral attacks under 28 U.S.C. § 2255, except to reserve his right to pursue an ineffective assistance of counsel claim. *Id*. ¶ 5.

It is undisputed the plea agreement lists the money laundering charge under 18 U.S.C. § 1957 with an incorrect twenty-year maximum. *Id*. ¶ 1. At his arraignment and later in the day when Bridges' plea was entered, the government's counsel and the court inadvertently repeated his money laundering charge carried with it a twenty-year maximum. *See* Minutes (Dkt Nos. 169-6, 169-7). Bridges' presentence report also listed the charge with a twenty-year maximum, as did his Defendant Information Relative to a Criminal Action form.

For several reasons, this misstatement of the maximum sentence does not operate to foster an involuntary or unknowing guilty plea or a plea induced by misrepresentation. For instance, under Rule 11 it is not required "that the district court announce authoritatively the *actual* maximum sentence at the plea-taking stage." *United States v. Barrios-Gutierrez*, 255 F.3d 1024, 1028 (9th Cir. 2001). Moreover, misrepresentations require intentionality, and any misstatements of the maximum sentence by the court decidedly lacked the requisite intent to misrepresent information that was determined at the time the parties contracted their plea agreement. *Puckett*, 556 U.S. at

138. Assuming the scrivener's error could be attributable to defense counsel, this type of erroneous prediction is not a misrepresentation either. It would not entitle Bridges to challenge his plea. *See United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) ("an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea.").

Bridges' arguments and allegations of misinformation by the government and this court are further belied by the record. On March 25, 2015, the court issued an arrest warrant for Bridges for money laundering under 18 U.S.C. §1956 and wire fraud under 18 U.S.C. § 1343, both of which had maximum twenty-year sentences. By June 2, 2015, Bridges' trial counsel indicated defendant's intent to plead guilty as early as March 29, 2015, referring at this point to the money laundering charge of Section 1956 and its twenty-year maximum sentence. *See* Opp. Ex. 1 (Dkt. No. 171-1). The letter also indicates Bridges would not plead guilty to obstruction of justice. *See id*. The government changed the money laundering charge to Section 1957, with a shorter ten-year maximum, during the plea negotiations so that Bridges would plead guilty to obstruction of justice. The red-lined plea agreement demonstrates that the unchanged references to a twenty-year maximum are simply scrivener's errors. *See* Opp. Ex. 2 (Dkt. No. 171-2). Furthermore, the judgment reflects the correct charges. *See* Judgment (Dkt. No. 97).

With or without the error, Bridges was prepared to enter the plea and knew the risk and benefit calculus of his bargain. In Bridges' declaration he discussed how the possibility of twenty years in prison made a plea agreement with a Sentencing Guideline range of 57 to 71 months more prudent. *See* Bridges Decl. ¶ 5 (Dkt. No. 169-11). He stated his understanding that a 71-month sentence was a relief compared to twenty years. *Id*. ¶ 6. That expectation, however, reveals Bridges' knowing and voluntary agreement. The only way Bridges received a plea with a Guideline range of 57 to 71 months and could expect a 71-month maximum under the Guidelines was because his counsel negotiated for the Section 1957 charge with a ten-year maximum. The plea negotiations lowered his Guideline level from 26, which carries a 63- to 78-month sentence, to 25 which carries a 57- to 71-month sentencing range. *See* Fenstermaker Decl. Ex. F at 4 (Dkt.

CASE NO. 15-cr-00319-RS-1

4

No. 169-8). Irrespective of the scrivener's errors in his plea agreement or presentence report, or the errors verbally repeated at the arraignment, Bridges entered a voluntary and intelligent plea while aware of the possible maximum punishment he faced.

By entering his guilty plea pursuant to an agreement with the government, Bridges forfeited his right to redress claims beyond ineffective assistance of counsel. In relevant part, his plea agreement states, "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea." Plea Agreement ¶ 5. Accordingly, his claims that the plea agreement violated Fifth Amendment due process, contract law principles, and Rule 11 – all of which depend on the claim he was misinformed by counsel and the court – are barred.

B. Barred Claims

Assuming for the sake of argument that Bridges' claims are not barred by the waiver, they still fail for the reasons already stated. Bridges does not offer cognizable claims for a violation of due process, contract law principles, or Rule 11.

*1. Violation of Due Process and Contract Law Principles Claims*

Bridges argues that repeated misrepresentations regarding the possible maximum sentence prevented him from weighing the risks and benefits of entering the plea agreement. This argument is meritless. His contention that the misrepresentation violates due process and basic contract law principles fails for the same reasons his plea agreement was a valid, voluntary, and intelligent agreement.

Any discrepancy in the money laundering maximum punishment was scrivener's error that did not change Bridges' risk and benefit calculus. It was precisely Bridges' ability to weigh the risks and benefits that allowed him to realize a plea agreement for an obstruction charge and a Section 1957 money laundering charge with a Sentencing Guideline maximum of 71-months, was better than proceeding to trial on obstruction and the Section 1956 money laundering charge—each with twenty-year maximum sentences.

*2. Rule 11 Claim*

Bridges argues the court did not comply with Rule 11 by failing to inform him on the proper maximum sentence. *See United States v. Jaramillo-Suarez*, 857 F.2d 1368 (9th Cir. 1988) (finding reversible error, on direct appeal, when the trial court failed to advise defendant of his maximum sentence prior to accepting his plea); *Barrios-Guttierez*, 255 F.3d at 1026 (finding Rule 11 mandates the court "tell the defendant the maximum possible penalty."). He asserts that the mistakes were structural errors requiring reversal "without regard to the mistake's effect on the proceeding." *United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012).

Under Rule 11, collateral relief is available when the plaintiff demonstrates: "(1) error, (2) that is plain, and (3) that affect[s] substantial rights…" *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013). In *Jaramillo-Suarez*, the court explained the defendant's burden in making collateral attacks under 28 U.S.C. § 2255 is to establish the purported error resulted in a miscarriage of justice and that defendant was unaware of the consequences of his plea. *See* 857 F.2d at 1370 ("a technical violation of the rule will not support section 2255 collateral relief in the absence of a showing of constitutional error or special prejudice.") (citing *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Structural errors are "defect[s] affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Johnson v. United States*, 520 U.S. 461, 468 (1997) (finding the failure to submit the materiality of false statements to the jury did not affect defendant's substantive rights).

Bridges' declaration evidences his awareness of the consequences of his plea even with the scrivener's errors and the misstated maximum punishment. He accurately believed he faced a 71-month maximum punishment under the advisory Sentencing Guidelines, which accounted for the proper ten-year maximum of the Section 1957 money laundering charge. *See* Bridges Decl. ¶ 5. The government would have pursued the twenty-year maximum for money laundering under Section 1956 (as Bridges was correctly under the impression was his maximum possible sentence) if he did not accept the guilty plea. On this record, Bridges fails to show with reasonable probability that his decision to enter the plea would have changed.

C. Ineffective Assistance of Counsel

Bridges asserts his trial counsel provided ineffective assistance by failing to advise him of the maximum sentence that he faced for the money laundering count. He also asserts his appellate counsel was ineffective for failing to argue Bridges' due process rights were violated because of the misrepresented maximum sentence. The scrivener's errors arising from the red-lining and editing process of the plea negotiations, far from being intentional misrepresentations or inadequate assistance, actually resulted from his trial counsel's ability to get Bridges the lesser Section 1957 money laundering charge through plea negotiations.

The standard for attorney performance is reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* test requires the petitioner to demonstrate that his counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. Courts presume "that counsel's conduct was within the wide range of reasonable assistance, and that [he or she] exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). The other prong requires the petitioner to demonstrate a reasonable probability that the outcome of the proceeding would have been different if not for the errors of his counsel. *Strickland*, 466 U.S. at 694. To state a viable claim for ineffective assistance, a petitioner must satisfy both elements of the *Strickland* test. If either is absent, the claim must be dismissed. *Id.* at 697. Bridges' claim fails both prongs of this test.

Counsel's error had no impact on Bridges' decision-making. As Bridges explained, he believed he was deciding between going to trial and facing a twenty-year maximum sentence or taking the guilty plea for a maximum 71-month Sentencing Guideline recommended punishment. It is true that Section 1957 carries with it a ten-year maximum sentence, but if no agreement was made and the case proceeded to trial, the government would have pursued its original Section 1956 and obstruction of justice charges, each with twenty-year maximum sentences. Bridges' perceived risk of a twenty-year maximum sentence remained the same. Bridges also expressed his intent to plead guilty to money laundering under Section 1956, in any event, as early as March 29,

2015. *See* Opp. Ex. 1. Because there is not a reasonable probability that but for the errors, Bridges would have rejected the plea negotiated by his counsel, there is no viable claim for ineffective assistance.

## V.  CONCLUSION

Bridges fails to offer any colorable theory he is entitled to Section 2255 relief. His motion to vacate his sentence, judgment of conviction, and waiver of indictment is denied.

**IT IS SO ORDERED**.

Dated: October 16, 2018

RICHARD SEEBORG
United States District Judge

CASE NO. 15-cr-00319-RS-1
8